## PEOPLE v. LEWIS.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. PARENT AND CHILD (§ 17*)—ABANDONMENT—OFFENSES.

Pen. Code, § 287, making it a crime to desert a child in any place with the intention of abandoning it, applies to an act of physical desertion under circumstances rendering it probable that the life or health of the child may be imperiled, or that it may be subjected to suffering or bodily harm.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 176; Dec. Dig. § 17.*]

2. PARENT AND CHILD (§ 17*)—ABANDONMENT—OFFENSES.

The crime denounced by Pen. Code, § 288, making it a misdemeanor for a parent to willfully omit proper medical attendance for a minor child, etc., contains no element of abandonment or desertion.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 176; Dec. Dig. § 17.*]

3. PARENT AND CHILD (§ 17*)—ABANDONMENT—OFFENSES.

Under Pen. Code, § 287a (Pen. Law, § 480), punishing a parent who abandons his child under 16 years in destitute circumstances, and willfully omits to furnish necessary food and shelter for the child, etc., abandonment in destitute circumstances and failure to provide must exist to constitute the crime, though it is not essential that the physical act of leaving the child and the failure to provide shall coincide as to time.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 176; Dec. Dig. § 17.*]

4. INDICTMENT AND INFORMATION (§ 159*)—AMENDMENT—TIME.

Under Code Cr. Proc. § 293, authorizing an amendment of an indictment as to time, where accused cannot thereby be prejudiced in his defense on the merits, an indictment charging one with abandoning his child in destitute circumstances, and omitting to furnish necessary food and shelter for the child, may be amended as to time as against the objection that by the amendment a different crime is alleged; time not being an essential of the crime.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 513; Dec. Dig. § 159.*]

5. INDICTMENT AND INFORMATION (§ 176*)—ISSUES—PROOF—VARIANCE.

A variance between the indictment and the proof respecting the date on which a crime was committed is immaterial, unless time is a necessary ingredient of the offense.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 548; Dec. Dig. § 176.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6. INDICTMENT AND INFORMATION (§ 160\*) — AMENDMENTS — DISCRETION OF COURT.**

The court may in its discretion allow an amendment to an indictment as to time either at the opening of the trial relying on the statement of the district attorney as to what the proof will be, or it may wait until the discrepancy as to date has been developed by the proof.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 515; Dec. Dig. § 160.\*]

**7. PARENT AND CHILD (§ 17\*)—ABANDONMENT—OFFENSES.**

Where a father, after having for sufficient reasons left his family and furnished money and arranged for their care and protection, subsequently voluntarily discontinued all provisions, as a result of which his children under 16 years of age were left in destitute circumstances, he was guilty of violating Pen. Code, § 287a (Pen. Law, § 480), punishing a parent who abandons a child in destitute circumstances, and omits to furnish necessary food and shelter for the child.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 176; Dec. Dig. § 17.\*]

**8. PARENT AND CHILD (§ 17\*)—ABANDONMENT—OFFENSES.**

The refusal of the wife to live with her husband is no defense to a prosecution of the husband for abandoning his child in destitute circumstances, and omitting to furnish necessary food and shelter for the child, in violation of Pen. Code, § 287a (Pen. Law, § 480).

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. § 176; Dec. Dig. § 17.\*]

Appeal from Court of General Sessions, New York County.

Charles Edward Lewis was convicted of abandoning his children in destitute circumstances, and he appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

George W. Rulison, for appellant.
Robert S. Johnstone, for the People.

SCOTT, J. The defendant was tried for and convicted of the crime of abandoning children under 16 years of age in destitute circumstances, and omitting to furnish necessary and proper food, clothing, and shelter for such children. The crime charged is defined in section 287a of the Penal Code, which was added by chapter 168, p. 360, Laws 1905, and has now been re-enacted as section 480 of the penal law. It reads as follows:

"A parent or other person charged with the care or custody for nurture or education of a child under the age of sixteen years, who abandons the child in destitute circumstances and willfully omits to furnish necessary and proper food, clothing or shelter for such child is guilty of felony, punishable by imprisonment for not more than two years, or by a fine not to exceed one thousand dollars, or by both. In case a fine is imposed the same may be applied in the discretion of the court to the support of such child. Proof of the abandonment of such child in destitute circumstances and omission to furnish necessary and proper food, clothing or shelter is prima facie evidence that such omission is willful. \* \* \*"

This section is one of a number enacted for the protection of infant children, and applies only to a case wherein there is both abandonment and a failure to provide. It differs from section 287 of the Penal

Code, which makes it a crime to desert a child in any place with the intention of wholly abandoning it. This applies to an act of physical desertion under circumstances which render it probable that the life or health of the child may be imperiled, or it may be subjected to suffering or bodily harm. Hence it has been held that leaving children in the custody of their mother, even without provision for their support, will not constitute a violation of section 287. People v. Joyce, 112 App. Div. 717, 98 N. Y. Supp. 863. Section 288 of the Penal Code makes it a misdemeanor for a parent to willfully omit, among other things, proper medical attendance for a minor child. This crime contains no element of abandonment or desertion. People v. Pierson, 176 N. Y. 201, 68 N. E. 243, 63 L. R. A. 187, 98 Am. St. Rep. 666. But, under section 287a, both abandonment in destitute circumstances and failure to provide must exist, although it is not essential that the physical act of leaving the child and the failure to provide shall coincide as to time. The facts upon which the defendant was convicted are simple. He and his wife were married in December, 1902, and had two children who on August 1, 1907 (the date upon which the crime is charged to have been committed), were, respectively, 3½, and 2 years of age. Defendant and his wife separated in May, 1904, and were reunited in September, 1904, about 10 months before the second child was born. He left her again in May, 1905, and remained away until April, 1907, during which period he sent about $10 a week for the support of his wife and children. In April, 1907, he returned to his wife, who with her children was then staying with her parents, who were in extremely indigent circumstances. Defendant remained but a few days, and finally left his wife and children on April 26, 1907, but continued to send her about $10 a week until July 22, 1907, after which date he sent no further money, and in no other way undertook to provide for his wife and children, but in August, 1907, went to South Dakota, where he subsequently began an action for divorce.

The assignment of error upon which the defendant lays most stress relates to an amendment of the indictment upon the trial. The indictment as found charged the crime as having been committed on April 26, 1907, the date on which the defendant physically left his children, but no conviction could have been had as of that date because he did not then leave the children in destitute circumstances, but continued to provide for them until late in July, 1907. At the opening of the case the district attorney, who had given previous notice of his intention to the defendant's counsel, stated that at the proper time, after the proofs were in, he should move to amend the indictment so as to allege August 1, 1907, as the date of the commission of the crime, which as he stated would be shown by the evidence to be the true date. At the suggestion of the court, the motion was made at once, and granted. The defendant now urges two objections to this action: First, that by the amendment a different crime was alleged from that charged in the indictment; and, second, that such an amendment can be made only after the proofs are in. The first objection is clearly untenable. Section 293 of the Code of Criminal

Procedure expressly authorizes an amendment as to time if the defendant cannot thereby be prejudiced in his defense on the merits. This covers a case like the present, in which time is not an essential of the crime. It is thoroughly well established by an abundance of authority that a variance between the indictment and the proof respecting the date upon which a crime was committed is immaterial, unless time is a necessary ingredient of the offense. Cowley v. People, 83 N. Y. 464, 38 Am. Rep. 464. The defendant did not claim surprise or ask an adjournment of the trial, and it is apparent that the amendment did not affect his defense on the merits.

So far as concerns the objection that the amendment was prematurely made, we find no merit in it. The matter was entirely within the discretion of the court, which might have waited until the discrepancy as to date had been developed by the proof, or might accept, as it did, the district attorney's statement as to what the proofs would be precisely as is necessarily done every day in the trial of causes when the court accepts evidence, presently irrelevant, upon the undertaking of counsel to properly connect it later. And, in any event, the defendant lost nothing bcause the amendment was made at the opening of the case. The evidence fully established the crime with which the defendant was charged. It is true that leaving a child in proper care is not necessarily an abandonment, for it may be compelled by a variety of sufficient reasons. But, if after having lawfully and for sufficient reasons left his family and furnished money and arranged for their care and protection, a father willfully and voluntarily discontinues all provisions for them, and as a result his children are left in destitute circumstances, the statute is then violated, although at the time of its violation the parent is actually separated from his children. Brown v. State, 122 Ga. 568, 50 S. E. 378. The defendant's crime was therefore complete at the time charged in the indictment as amended. The assertion that his wife refused to live with him, even if true, offers no defense to the charge of a crime against the children. Bennefield v. State, 80 Ga. 107, 4 S. E. 869; Moore v. State, 1 Ga. App. 502, 57 S. E. 1016; Bowen v. State, 56 Ohio St. 235, 46 N. E. 708; State v. Sutcliffe, 18 R. I. 53, 25 Atl. 654. We have examined the other exceptions relied on by the defendant, and find no error which would justify a reversal of the conviction.

The judgment appealed from is therefore affirmed. All concur.