### RADLOSKI v. RADLOSKI.

(Supreme Court, Special Term, New York County.   May, 1911.)

HUSBAND AND WIFE (§ 294*)—SEPARATION—RECEIVER—VACATION OF APPOINTMENT.

In an action for separation, a receiver in sequestration proceedings will not be discharged, nor will directions be given to him to withdraw all claim to certain funds on deposit in a bank necessary for the payment of alimony awarded plaintiff, where it is manifest that the money in question was the property of the defendant, who has sought to thwart the plaintiff's rights to recover the same and disobeyed the order of the court.

[Ed. Note.—For other cases, see Husband and Wife, Dec. Dig. § 294.*]

Action by Lena Radloski against Adolf Radloski.   On motion to discharge a receiver in sequestration proceedings.   Motion denied.

Abraham H. Sarasohn, for the motion.
Walter B. Walker and Greenthal & Greenthal, opposed.

GIEGERICH, J.   The defendant in an action brought for a separation asks for an order discharging a receiver in sequestration proceedings heretofore appointed in the action, and for directions to the receiver to withdraw all claim to certain funds on deposit in a bank, except the sum of $10.17.   The ground of the application is that the receivership was terminated by the entry of final judgment, and that, as the money sought to be released was deposited after the final judgment was entered, the receiver has no right to it, and should be directed to relinquish all claim thereto.

The defendant relies upon Colwell v. Garfield Nat. Bank, 119 N. Y. 408, 23 N. E. 739, and Matter of Thrall, 12 App. Div. 235, 42 N. Y. Supp. 439; but both of those cases differ broadly from the present one.   In the former case the action resulted adversely to the plaintiff, while in the latter case the action was discontinued.   In the present case the plaintiff, who procured the appointment of the receiver, was successful in the action, and a portion of the alimony directed to be paid pendente lite, and to enforce the payment of which the receivership proceedings were had, still remains unpaid.   At or about the time of the appointment of the receiver the defendant withdrew moneys from the bank and executed to his sister-in-law a bill of sale of his interest in his furniture business, which he nevertheless continued to conduct.   The $240 in question was deposited a few days after the entry of final judgment; the judgment having been entered on the 5th day of January, 1911, while the deposit in question was made on the 10th day of January, 1911.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The application is without merit. It is quite manifest that the defendant has sought to thwart the plaintiff's rights, and disobeyed the order of the court, and impeded the efforts of the court's officer to perform his duty. It is clear that the money in question was the property of the defendant from the beginning, and that it was only through the defendant's own wrongdoing that the receiver failed to obtain possession of it.

The motion is denied, with $10 costs.