FELIX PASCUAL, Respondent, *v.* GREENLEAF PARK LAND COMPANY, INC., et al., Appellants.

Lien — mechanic's lien — notice — sufficiency of notice of mechanic's lien — notice must state value or agreed price of labor performed and materials furnished at time of filing — complaint in action to enforce lien dismissed for insufficiency of notice.

1. Statements in a notice of lien of labor to be performed and materials to be furnished, no longer required under the Lien Law (Cons. Laws, ch. 33, § 9, subd. 4), may not be rejected as surplusage if the notice fails elsewhere to state, by implication, at least, the agreed price or value of the labor performed and materials furnished, exclusive of labor to be performed or materials to be furnished in the future. A statement of the character and extent of the demand is the *sine qua non* of a valid notice and extrinsic evidence may not be received to cure its omission. (*Finn* v. *Smith*, 186 N. Y. 465, followed.)

2. A notice of lien, therefore, stating only the nature and agreed price and value of labor performed and to be performed and of materials furnished and to be furnished, the amount unpaid and the time when the first and last items of work were performed and materials were furnished, is insufficient, and the complaint in an action to enforce the lien is properly dismissed.

*Pascual* v. *Greenleaf Park Land Co.*, 218 App. Div. 548, reversed.

(Argued May 13, 1927; decided May 31, 1927.)

APPEAL from a judgment, entered January 3, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed a judgment in favor of defendant entered upon an order of Special Term granting a motion for judgment on the pleadings and directed judgment in favor of plaintiff.

*William Walzer* and *Raymond Gitlin* for appellant. The notice of lien set forth in the supplemental complaint is fatally defective in that it fails to comply with section 9, subdivisions 4 and 5, of the Lien Law. (*Bradley & Currier Co.* v. *Pacheteau,* 71 App. Div. 148; *New Jersey Steel & Iron Co.* v. *Robinson,* 85 App. Div. 512; 178 N. Y. 632; *Finn* v. *Smith,* 186 N. Y. 465; *Levine* v. *Hessberg,* 135 App. Div. 155; *Bachmann* v. *Spinghel,* 164 App. Div. 725; *Copp* v. *Firemi,* 182 App. Div. 289; *Weaver Hardware Co.* v. *Solomovitz,* 98 Misc. Rep. 420; *Storch* v. *Marginal Realty Corp.,* 109 Misc. Rep. 669; *Flaum* v. *Picarretto,* 226 N. Y. 468.) The Appellate Division erred in reading the allegations of the complaint to supplement and explain the contents of the notice of lien. (*Gray Marble & Slate Co.* v. *Schaefer,* 237 N. Y. 576; *Toop* v. *Smith,* 181 N. Y. 283; *Mahley* v. *German Bank,* 174 N. Y. 499; *Riley* v. *Durfey,* 145 App. Div. 583; *Ball* v. *Doherty,* 144 App. Div. 277; *Fanning* v. *Belle Terre,* 152 App. Div. 718; *Leske* v. *Wolf,* 154 App. Div. 233; *Armstrong* v. *Chisholm,* 100 App. Div. 443.)

*John Alfred Valentine* and *Emory F. Dyckman* for respondent. The notice of lien under review fully com-

plies with section 9 of the Lien Law. (*Fyfe* v. *Sound Development Co.*, 235 N. Y. 266; *Hurley* v. *Tucker*, 128 App. Div. 580; 198 N. Y. 534; *Gilmour* v. *Colcord*, 183 N. Y. 342; *Barrett* v. *Schaefer*, 162 App. Div. 52; *Felgenhauer* v. *Haas*, 123 App. Div. 75; *Martin* v. *Gavigan*, 107 App. Div. 279; *Mahley* v. *German Bank*, 174 N. Y. 499; *Clarke* v. *Heylman*, 80 App. Div. 572; *Woolf* v. *Schaefer*, 103 App. Div. 567; *Gates* v. *National Assn.*, 172 App. Div. 581.) The matter not required by the statute is surplusage and as such must be ignored. (*Chester* v. *Rumsey*, 26 Ill. 97; *Stuart* v. *Dutton*, 39 Ill. 91; *Reed* v. *Bank of Ukiah*, 148 Cal. 96; *Whitney* v. *Arnold*, 10 Cal. 531; *Middlebrooks* v. *Stephens*, 148 Ala. 230; *Barker* v. *Circle*, 60 Mo. 258; *Chauvin* v. *Wagner*, 18 Mo. 531; *Delassus* v. *Poston*, 19 Mo. 425; *Perkins* v. *Carter*, 20 Mo. 465; *Owen* v. *Baker*, 101 Mo. 407.)

POUND, J. This is an action to enforce a mechanic's lien which was discharged by undertaking under the provisions of Lien Law (Cons. Laws, ch. 33), section 19, subdivision 4. The plaintiff is the lienor. Defendant Greenleaf Park Land Co., Inc., is the owner of the premises against which the lien was filed. Defendant New Amsterdam Casualty Company is the maker of an undertaking " conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien." The only question is whether the notice is invalid for indefiniteness.

Prior to the amendment of the Lien Law by Laws of 1916, chapter 507, the Lien Law provided that the notice of lien should state: " The labor performed *or to be performed*, or materials furnished *or to be* furnished and the agreed price or value thereof."

When the law so read it was held that a notice of lien which stated a lump sum unpaid on labor and materials " furnished and to be furnished " was invalid as failing to state an agreed price or value of labor performed or

materials furnished at the time of filing the notice. (*Bossart* v. *Fox,* 89 App. Div. 7; affd., 180 N. Y. 546; *Finn* v. *Smith,* 186 N. Y. 465.)

As the Lien Law now reads (§ 9, subd. 4), the notice of lien must state the labor performed or materials furnished at the time of filing the lien and the agreed price or value thereof. It is neither necessary nor proper to include in the notice of lien any statement as to labor to be performed or materials to be furnished.

The notice of lien filed herein on June 13, 1923, contains the following:

" (4) The labor performed was brick work on houses. The labor to be performed is brick work on houses. The material furnished was bricks, cement and other materials in brick work on houses. The material to be furnished is bricks, cement and other materials for brick work on houses. The agreed price and value of said labor and materials is six thousand and ten dollars. The agreed price and value of said materials is   *   *   *.

" (5) The amount unpaid to the lienor for such labor and material is Four thousand eight hundred and ten dollars.

" (6) The time when the first items of work were performed was April 30, 1923, and the time when the first items of material were furnished was April 30, 1923. The time when the last items of work were performed was the 12th day of June 1923, and the time when the last items of materials were furnished was the 12th day of June, 1923."

Appellant contends that the notice is invalid; that, while the Lien Law no longer requires the statement of labor to be performed or materials to be furnished, the notice includes such statement and is, therefore, to be governed by the authorities cited *supra.* The case comes before us on a stipulation which in substance concedes that the amount of the lien was not exaggerated and that the notice might have been properly filed for the full

amount thereof as being the agreed price and value of the labor then performed and material then furnished.

The Special Term held that the notice was defective on the authority of cases decided on the law as it was prior to the amendment of 1916. The Appellate Division, recognizing the authority of such cases when decided, reversed and granted judgment for the plaintiff on the theory that whatever statements the notice contained in addition to the statutory requirement should be regarded as surplusage. They may not be so rejected if the notice fails elsewhere to state, by implication, at least, the agreed price or value of the labor performed and materials furnished, exclusive of labor to be performed or materials to be furnished in the future. I cannot read the statement of the court in *Finn* v. *Smith* (*supra*) as conveying any other meaning. " Under the statute," says the court, " any notice of lien must state explicitly or by plain inference the value or agreed price of the labor performed or materials furnished at the time of filing thereof." The amendment, so far from changing the law in this connection, makes the statement the *sine qua non* of a valid notice. Extrinsic evidence may not be received to cure the defect. A notice of lien must be sufficient in essentials in and of itself. The actual interest of the claimant must be spelled out therefrom and will be whenever possible, but those who have a legal interest in the subject of the character and extent of the demand upon which the lien is based are entitled to be advised thereof by the notice of lien. (*Toop* v. *Smith*, 181 N. Y. 283, 287.) As was said in *Fanning* v. *Belle Terre* (152 App. Div. 718, 723) the notice may not be " construed to mean one thing to whomsoever knowledge or notice can be attributed, and something else to the uninformed." If we strike out the objectionable clauses from the notice in this case we have the statement, which the Lien Law required both before and after the amendment, that the time when the last items of work were performed was the

12th day of June, 1923, and the time when the last items of material were furnished was the 12th day of June, 1923. Under the most liberal rule of construction I can find nothing in this statement, without the aid of extrinsic evidence, to show that the value or agreed price of the labor then performed and the materials then furnished was the value or agreed price of all the labor and materials which were to be furnished by the claimant.

While the defense is technical to the last degree, the defendant surety company is not liable if no judgment can be rendered against the property for the enforcement of the lien. This is a hard case but " even a court of equity has not the power to breathe the breath of life into a notice of lien that is insufficient under the statute, much less a court whose function it is not to administer equity, but to make the law as stable and certain as it may be." (*Toop v. Smith, supra,* p. 289.) I would be glad to apply the maxim *surplusagium non nocet* but here we have a case of *surplusagium nocet* as we may not strike out words material on their face in order to conform the notice to the facts agreed on. To make a good notice the statute must be substantially complied with. (*Mahley* v. *German Bank,* 174 N. Y. 499.) This notice is insufficient.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; CRANE, J., dissents on opinion of KAPPER, J., below.

Judgment accordingly.