VIOLA MYERS and J. RHODES O'REILLY, as Receiver, etc., Respondents, Appellants, v. HENRY J. MYERS, Appellant, Respondent.  CATHLEEN HARRIET MYERS, an Infant, and Others, Respondents.  (Appeal No. 1.) — The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order, in so far as it dismissed the complaint as against the plaintiff receiver, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion to dismiss complaint as against him denied, with ten dollars costs.  Order denying motion to dismiss complaint as to plaintiff Viola Myers affirmed, with ten dollars costs and disbursements.  We are of opinion that the separation action has not been finally terminated, and that the present action is a step in the enforcement of the marital rights of plaintiff Viola Myers, for which purpose the receiver, together with the plaintiff wife, properly sues.  Young, Kapper, Lazansky and Hagarty, JJ., concur.

VIOLA MYERS and J. RHODES O'REILLY, as Receiver, etc., Respondents, v. HENRY J. MYERS, Appellant.  CATHLEEN HARRIET MYERS, an Infant, Respondent, and Others, Defendants.  (Appeal No. 2.) — The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Order granting motion to strike out first and second separate defenses contained in amended answer of defendant Henry J. Myers affirmed, with ten dollars costs and disbursements.  No opinion.  Young, Kapper, Lazansky and Hagarty, JJ., concur.

JENNIE PETTERSON, as Executrix, etc., of JOHN PETTERSON, Deceased, Respondent, v. GEORGE PATTBERG, Appellant.— Owing to the death of the late Presiding Justice Kelly, a reargument is ordered and the case set down for Monday, November 7, 1927, to be argued when reached.  Lazansky, P. J., Young, Kapper, Hagarty and Seeger, JJ., concur.

FRED H. PREISER, Respondent, v. ISAAC E. SCHINE and Others, Copartners, etc., Appellants, and Others, Defendants.— The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows: Judgment, in so far as it holds the liens of the respondent to be valid, reversed upon the law and the facts, with costs, and findings of fact and conclusions of law inconsistent with this decision are reversed.  Under the ruling of *Pascual v. Greenleaf Park Land Co.* (245 N. Y. 294) neither of the respondent's liens complies with the provisions of the Lien Law (§ 9, subd. 4),* which requires the notice of lien to state the labor performed or materials furnished at the time of filing the lien and the agreed price or value thereof.  Young, Kapper, Lazansky and Hagarty, JJ., concur.  Settle order on notice.