VIOLA MYERS and J. RHODES O'REILLY, as Receiver of the Real and Personal Property of HENRY J. MYERS, Plaintiff, v. HENRY J. MYERS and Others, Defendants.

Supreme Court, Westchester County, February 2, 1928.

**Husband and wife — separation — action by plaintiff wife and by receiver of defendant husband to set aside trust deed executed by defendant in contemplation of separation action — receivership did not terminate with entry of decree of separation — plaintiffs have right to maintain action.**

In this action by plaintiff wife and by the receiver of defendant husband and all his property, to set aside a trust deed executed by defendant in contemplation of a separation action commenced on defendant's abandonment of plaintiff and their child, and his removal to Illinois, after disposing of all his property except that set up by the trust, it appears that the receiver qualified during the pendency of the separation action, and after acquiring jurisdiction of defendant, came into possession of defendant's property.

Since the receivership did not terminate with the entry of the decree of separation, but rather continued under the direction of the court to enforce the marital rights of the wife and the education and support of the child, plaintiffs have a right to maintain this action, particularly where the receiver laid hands on defendant's property before the entry of the judgment in the separation action.

Furthermore, plaintiffs are entitled to judgment since the testimony shows that in creating the trust and removing all his property from this State and New Jersey, and going to Illinois to reside, defendant schemed to deprive the wife and child of adequate support and maintenance, in violation of his legal and moral obligation toward them.

ACTION by wife and a receiver to set aside a trust deed made by the defendant husband for the benefit of his wife and child.

*Edward E. Hoenig,* for the plaintiff.

*Whitman, Ottinger, Ransom, Coulson & Goetz,* for defendant Henry J. Myers.

*White & Case [Chester Bordeau* of counsel], for Bankers Trust Company.

*Matthew P. Doyle,* guardian *ad litem,* for Cathleen Harriet Myers, infant.

MORSCHAUSER, J. The plaintiff Viola Myers and the defendant Henry J. Myers were on September 4, 1923, married in the city of New York, where they resided. On November 25, 1924, a child was born, the issue of the marriage and named Cathleen Harriet Myers. Said child is made a party defendant herein.

On December 27, 1925, the defendant Myers abandoned and left the plaintiff wife and child and thereafter left the State of New York and went to Chicago, Ill., to reside.

The defendant husband was the owner in fee of a parcel of land with buildings thereon of the value of about $25,000 situated in the town of Pelham and known as 111 Pelhamdale avenue, Pelham, N. Y., where he resided, before his marriage, with a man servant.

Difficulties arose between the husband and wife before April, 10, 1926, and on that date in contemplation of litigation by the wife the defendant Myers transferred and conveyed to the Bankers Trust Company of New York the said real estate and created a trust for his wife and child.

On July 15, 1926, the plaintiff wife commenced an action in New York city for separation against the defendant husband and obtained a final decree on November 16, 1926, wherein alimony of $1,000 monthly was allowed and judgment entered for $92.60 costs.

The alimony award and costs to the plaintiff wife in that action was a nullity (*Baylies* v. *Baylies*, 196 App. Div. 677; *Burch* v. *Burch*, 116 id. 865; *Edwards* v. *Edson*, 119 id. 684), for the defendant husband was not personally served within the State of New York.

Personal service of the summons could not be made within the State of New York upon the defendant husband, and the plaintiff wife obtained an order and the defendant husband was served without the State by a United States marshal on July 23, 1926, at 3217 San Carlo Street, Tampa, Fla. He did not appear in the action. Before the decree of separation was granted and on October 15, 1926, and upon notice to the defendant an order was made and entered in the New York county clerk's office appointing J. Rhodes O'Reilly as receiver of the defendant Myers and of the real and personal property of defendant Myers and of all the rents, income and profits therefrom, upon executing and filing with the clerk of this court a bond in the penal sum of $5,000 for the faithful discharge of his duty as such receiver, and the receiver was directed to take possession of all the property of the defendant, real and personal, and hold the same until the further order of the court, and it was further ordered that the receiver immediately seize and take possession of the property of the defendant and all rents, income and profits thereof, which property was located at 111 Pelhamdale avenue, Pelham, N. Y., and described in said order. It was further ordered that the defendant Henry J. Myers and the Bankers Trust Company, its agents, servants and employees

and the agents, servants and employees of the defendant Myers and the lessee of the property and any and all persons in possession of the property of the defendant were stayed, restrained and enjoined from in any way, shape or manner disposing of the real and personal property of the defendant. The order further directed the Bankers Trust Company and Harold Levey, the lessee of the premises, until the further order of the court, to deliver and turn over to the receiver all money or other property in the possession and control, due or to become due to the defendant, and enjoined them in any way from disposing of the same other than to turn over the same to the said receiver. This order has not been vacated or modified and is in full force and effect.

The receiver duly qualified by giving an undertaking in the sum of $5,000, duly approved by this court.

On November 27, 1926, an order was duly made and entered in the office of the clerk of the county of New York permitting and allowing the receiver to institute this action against these defendants for the relief asked for in the complaint herein.

This action was then brought by the plaintiff wife and the receiver to set aside the trust deed to the Bankers Trust Company made April 10, 1926.

The defendant Henry J. Myers made a motion for judgment on the pleadings and the learned court at Special Term granted the motion as to the receiver, and as to the plaintiff wife motion was denied. On appeal our learned Appellate Division in a memorandum opinion reversed the order granted against the receiver and affirmed the order in favor of the wife and stated: " We are of opinion that the separation action has not been finally terminated, and that the present action is a step in the enforcement of the marital rights of plaintiff Viola Myers, for which purpose the receiver, together with the plaintiff wife, properly sues." (*Myers* v. *Myers, No. 1*, 221 App. Div. 878.)

This is the law in this case and due respect for the learned Appellate Division requires me to follow it in so far as the plaintiffs have the right to maintain this action.

I believe the plaintiff during the pendency of the separation action and after acquiring jurisdiction of defendant the receiver laid hands on defendant Myers' property for further disposition by the court. The receivership did not terminate with the entry of the decree of separation. When it is necessary to further protect or enforce the marital rights of the wife and the education and support of the child (*Radloski* v. *Radloski*, 72 Misc. 101), it continued " for the education or maintenance of any of the children of a marriage, or for the support of the wife,   *   *   * " under

the direction of the court, to enforce the marital rights of the wife and education and support of the child.    (Civ. Prac. Act, § 1171-a.)

Said Judge CRANE in *Matthews* v. *Matthews* (240 N. Y. 28, 32): " By article 54 of the Civil Practice Act, attachment was not provided for in matrimonial actions.    This section 1171-a attempted to provide a remedy in the nature of an attachment whereby upon the commencement of an action the husband's property could be seized and held for judgment or for order after notice," and (at p. 33): " Wives and children of absconding husbands who have property within the State, therefore, have this new and additional remedy.    The property may be seized and held by the sequestration order, subject to the further provision of the court."    And (at p. 34): " After he has been served by publication and is in default of appearance or pleading, the court can enter judgment and dispose of the sequestrated property as it deems best for the interest of the wife and children."

Said Judge ANDREWS in *Matthews* v. *Matthews* (247 N. Y. 32): " Property of a defendant resident or non-resident, upon whom personal service could not be made within the State, might be seized and held subject to further disposition by the court.    But as in the case of an attachment this might not be done as regards a non-resident until by personal or constructive service of the summons jurisdiction of the action had been obtained.    Thereafter the court may enter judgment and dispose of the sequestered property.    *    *    * In actions for divorce or separation brought by one of our citizens against a non-resident, service by publication does, so far as we are concerned, give our courts full jurisdiction to fix the marital status or relations of the plaintiff.    We cannot, however, thus give a personal judgment that will bind the defendant except in so far as he has property in this State of which we may take possession. And it is not enough that at the time judgment is rendered he in fact has property within our jurisdiction.    The right to dispose of it rests upon a prior seizure.    Only so does the defendant receive notice that he has rights which should be protected.    It must, therefore, appear before a judgment is entered purporting to deal with a non-resident's property, that by attachment, by injunction, by sequestration, in some manner, the court has laid hands upon his property within the State.    (*Helme* v. *Buckelew*, 229 N. Y. 363–371; *Pennoyer* v. *Neff*, 95 U. S. 714.)

" In this case nothing was done prior to the judgment.    If prior seizure is necessary to give the court jurisdiction to decree counsel fees and alimony payable out of a non-resident's property within the State, it is also requisite to enable the court to decree the

seizure of such property and the vesting of title and possession thereto in one of its officers."

Before the decree was entered in the separation action the receiver " laid hands " upon the property of defendant Myers by the injunction order, directions and stays therein.    Judge ANDREWS said in the foregoing opinion: " It must, therefore, appear before a judgment is entered purporting to deal with a non-resident's property, that by attachment, *by injunction,* by sequestration, *in some manner,* the court has laid hands upon his property within the State."    (Italics mine.)

The income from the real estate held in trust from June 4, 1926, to December 12, 1927, was $3,409.21.    This amount was paid by the trustees to the wife and for the child.    One hundred dollars per month for the child, and $90 for the wife.    Prior to the abandonment and while they were living together as husband and wife they lived at the rate of $30,000 per year.    He allowed her $650 per month for household expenses.    He purchased a Rolls-Royce costing $16,000 for the family use.    He was worth over $500,000.

He stated to the wife and brother-in-law that he had matters so fixed that she could not reach any of his property and they could not bring him back to New York, and undoubtedly the scheme of the trust deed was with a view of meeting sections 480 and 481 of the Penal Law to prevent indictment for abandonment of the child (*People* v. *Lewis,* 132 App. Div. 256), and subdivision 1 of section 899 of the Code of Criminal Procedure for actually abandoning the wife and child.

He did just what he informed them he would do. ' He disposed of all of his property in this State and New Jersey, except the real property held in trust.    All this was done to deprive the wife and child of adequate support according to his means.    The whole scheme appears clearly from the testimony that in creating the trust and removing all his property from this State and New Jersey and going to Chicago, Ill., to reside was to deprive the wife and child of adequate support and maintenance and in violation of the legal and moral obligation toward them.    It was a fraud on the wife and child and interfered with the legal rights they and each of them had to the adequate and proper support of a father and husband, who took himself and his property outside of the jurisdiction of the courts of this State, believing that no effective legal process could reach him or his property or any property held in trust.    As he planned and schemed he acted.

I find for the plaintiffs, with costs against the defendant Henry J. Myers.