YOUNG WOMEN'S CHRISTIAN ASSOCIATION OF THE CITY OF NEW YORK, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

*Tax — assessment — where assessment not void but erroneous for over- valuation certiorari sole remedy.*

*Young Women's Christian Assn.* v. *City of New York,* 220 App. Div. 49, affirmed.

(Argued February 17, 1928; decided March 27, 1928.)

APPEAL from a judgment, entered March 25, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judg- ment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was to cancel as a cloud upon title taxes for the years 1920, 1921, 1922 and 1923 assessed upon real property of the plaintiff situated in the borough of Manhattan, city of New York. The Appellate Division held that the assessments were not illegal but erroneous from overvaluation and that cer- tiorari was the only remedy.

*Richard Ely* for appellant.

*George P. Nicholson, Corporation Counsel (William H. King* and *Isaac Phillips* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

FRED H. PREISER, Appellant, *v.* ISAAC E. SCHINE et al., Copartners under the Firm Name of CITY LUMBER COMPANY, Respondents, Impleaded with Others.

*Lien — invalidity of mechanics' lien where notice fails to state labor performed or materials furnished at time of filing and agreed price or value thereof.*

*Preiser* v. *Schine,* 221 App. Div. 878, affirmed.

(Submitted February 17, 1928; decided March 27, 1928.)

APPEAL from a judgment, entered November 21, 1927, upon an order of the Appellate Division of the Supreme

Prepared by State Reporter from Appeal Papers

Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing judgment in favor of defendants-respondents. The action was to foreclose mechanics' liens. The Appellate Division held that the plaintiff's liens were invalid for the reason that the notices did not state the labor performed or material furnished at the time of filing such liens and the agreed price or value thereof.

*William Scott, 2d,* for appellant.

*William L. Rumsey* and *Francis A. Griffen* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

PENNRICH & COMPANY, INCORPORATED, Appellant, *v.* JUNIATA HOSIERY MILLS, INCORPORATED, Respondent.

*Jurisdiction — process — service — jurisdiction of foreign corporation not obtained by service of process on sales representative at office maintained in this State.*

Pennrich & Co., Inc., v. Juniata Hosiery Mills, Inc., 220 App. Div. 763, affirmed.

(Submitted February 17, 1928; decided March 27, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 27, 1927, which reversed an order of Special Term denying a motion to vacate service of the summons in the above-entitled action upon the grounds that defendant was not doing business within this State nor was the person served its managing agent. Defendant is a foreign corporation having its office and mill in Pennsylvania. Prior to August 16, 1926, Richard J. Nestler was its secretary. On that day he resigned and his successor was elected. Thereafter he came to New York city as sales representative of defendant. His duties were to solicit and receive orders for mer-