FRANCES STOLTZ, Plaintiff, *v.* JOHN STOLTZ, Defendant.

Supreme Court, Bronx County, December 6, 1929.

*F. Behr*, for the plaintiff.

BURR, Referee. This is an undefended action for separation. On July 19, 1929, an order was duly made directing that service of the summons herein be made by publication. The defendant thereafter, and on the 29th day of July, 1929, was personally served without the State, to wit, at the Maplewood Club, Maplewood, N. H. Defendant has not appeared personally or by attorney. Plaintiff demands judgment of separation on the ground of abandonment and for alimony and costs.

The evidence presented warrants the judgment or decree of separation. The court has no power to grant the alimony sought in this case, for the reason that the court has not acquired juris-

diction over defendant's property. It may not dispose of a non-resident's property which is not in its possession. As was said in *Matthews* v. *Matthews* (247 N. Y. 32, 35): " This is equally true in an action for separation as in an action for a divorce. All that the court may do is to fix the marital relations of one of our citizens. It may decree the divorce or the separation; it may fix the custody of children, at least if they are within the State; but it may not dispose of a non-resident's property which is not in its possession. The relations of the parties and the right to alimony and counsel fee are distinct. The right to decree as to the one does not involve the right to decree as to the other." In *Hess* v. *Pawloski* (274 U. S. 352, 355) the Supreme Court of the United States held: " The process of a court of one state cannot run into another and summon a party there domiciled to respond to proceedings against him. Notice sent outside the state to a non-resident is unavailing to give jurisdiction in an action against him personally for money recovery. *Pennoyer* v. *Neff*, 95 U. S. 714. *There must be actual service within the state of notice upon him or upon some one authorized to accept service for him. Goldey* v. *Morning News* [*of New Haven*], 156 U. S. 518. *A personal judgment rendered against a non-resident who has neither been served with process nor appeared in the suit, is without validity. McDonald* v. *Mabee*, 243 U. S. 90."

The fundamental rule is that jurisdiction in *personam* over non-residents must be based upon personal service within the State which renders the judgment. (*Rigney* v. *Rigney*, 127 N. Y. 408; *Baylies* v. *Baylies*, 196 App. Div. 677; *Ackerman* v. *Ackerman*, 200 N. Y. 72; *Myers* v. *Myers*, 131 Misc. 318; *Skandinaviska Granit Aktiebolaget* v. *Weiss*, 226 App. Div. 56.)

The plaintiff is entitled to the decree of separation, but the application for alimony and costs should be denied, for the reasons stated. Report signed and filed accordingly.