In the Matter of the Application for the Discharge of a Mechanic's Lien, Filed by George H. Fuller, Lienor, *v.* Bayard H. Knapp, Owner.

County Court, Livingston County, February 27, 1933.

*Newton B. Gorham,* for the petitioner George H. Fuller.

*Erwin & Chase,* for Bayard H. Knapp, owner.

Wheeler, J. This is a proceeding brought under subdivision 6 of section 19 of the Lien Law of the State of New York, to discharge a lien, notice of which was filed in the Livingston county clerk's office December 30, 1932.

The petition upon which the application is predicated alleges that the labor was performed and the materials furnished pursuant to a written contract between the petitioning owner and the contractor, which contract is as follows: " This Agreement, made this 8th day of December, 1930, between Bayard H. Knapp and George H. Fuller, both of Dansville, N. Y., witnesseth as follows:

" In consideration of the sum of four thousand five hundred ($4,500) dollars for each house to be paid by the above Bayard H. Knapp to the above mentioned George H. Fuller in installments as needed for material and labor during progress of construction, said George H. Fuller hereby agrees to build four two story frame houses together with a one car garage for each house all in accordance with plans and specifications prepared by George H. Fuller November 25th, 1930 and hereby agreed upon. Work to be started at once and continued as weather condition will allow.

" BAYARD H. KNAPP

" GEORGE H. FULLER."

Section 19 of the Lien Law specifies the only grounds upon which an application may be based for the discharge of a mechanic's lien.

Subdivision 6 of section 19 of the Lien Law, now under consideration, reads: " Where it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed, or where for any other reason the notice of lien is invalid by reason of failure to comply with the provisions of section nine of this article, or where it appears from the public records that such notice has not been filed in accordance with the provisions of section ten of this article, the owner or any other party in interest, may apply to the Supreme Court of this state, or to any justice thereof, or to the county judge of the county in which the notice of lien is filed, for an order summarily discharging of record the alleged lien."

The statute limits the court in deciding this application to the determination of the sole legal question: " Is the notice of lien on its face sufficient as a matter of law? " Nothing else may be taken into consideration on this or any similar application.

The petitioner alleges that the notice of lien on its face is void because it does not comply with the provisions of subdivision 4 of section 9 of the Lien Law as required by subdivision 6 of section 19 thereof.

Section 9 of the Lien Law prescribes the contents of a notice of lien or what it shall state, and so much thereof as appertains to this motion reads: " The notice of lien shall state:

" 4. The labor performed or materials furnished and the agreed price or value thereof."

Counsel for the owner contends that the notice of lien does not comply with section 9, subdivision 4, of the Lien Law, and is void because it fails to " state the kind of labor and services performed " and does not " contain any statement of the materials furnished," and cites as an authority for his position the case of *Pascual* v. *Greenleaf Park Land Co., Inc.* (245 N. Y. 294).

The *Pascual* case is clearly distinguishable from the case at bar. The notice of lien which was found insufficient in the *Pascual* case was for labor performed, or *to be performed*, or materials furnished, or *to be furnished*, and the agreed price or value thereof, and was apparently framed under the law as it existed prior to the amendment of chapter 507 of the Laws of 1916.

Prior to the amendment of the Lien Law by chapter 507 of the Laws of 1916, the Lien Law provided that the notice of lien should state: " The labor performed, or *to be performed*, or materials furnished or *to be furnished* and the agreed price or value thereof," while the statute under consideration provides that the notice shall state (§ 9, subd. 4): " The labor performed or materials furnished

and the agreed price or value thereof," and the court held in the *Pascual* case that it was neither necessary nor proper to include in the notice of lien any statement as to labor *to be performed*, or materials *to be furnished*.

It was conceded in the *Pascual* case that the notice might have been properly filed for the full amount thereof as being the agreed price and value of the labor *then performed* and materials *then furnished*, and the court in the course of the opinion said: " I can find nothing in this statement, without the aid of extrinsic evidence, to show that the value or agreed price of the labor then performed and the materials then furnished was the value or agreed price of all the labor and materials which were to be furnished by the claimant," and, therefore, held that the notice was not a sufficient compliance, with the subdivision of the Lien Law under discussion.

The notice now under consideration was for the sum of $4,286.44, being " the value and agreed price of certain work, labor and services performed, and materials furnished * * * to wit: Work done by George H. Fuller and his subcontractors, employees, mechanics and laborers, in the sum of $1,798.24, materials furnished, used, bought and specially manufactured for use in the construction of the buildings on the lands hereinafter more particularly described, $2,328 * * * interest on sums owing the lienor, $160.28; total, $4,286.44," and particularly sets forth the items upon which interest was calculated, and the notice further contains the statement that the amount unpaid to said lienor for such labor and materials is $4,286, *and includes all sums now owing the lienor under said agreement*, and the notice further contains the additional statement: " Also that there are no outstanding unpaid claims for labor or material done or furnished not included in the above statement of claim of said lienor and that said George H. Fuller has and claims a lien for the agreed price and value of such labor and materials upon said real property."

The notice also contains the express contract entered into between the owner and the lienor showing the agreed price for labor and material in the construction of the houses set forth in the written contract.

The claimant here asserts his claim in his notice of lien under the very terms of the written contract under which the services were rendered and the materials furnished, and sets up in the notice the contract in its entirety, and particularly specifies that the labor was performed and the materials were furnished pursuant to the terms of the contract, and that the amount claimed " includes all sums now owing the lienor under said agreement," and further " that there are no outstanding unpaid claims for labor or material done or furnished not included in the above statement of claim of lienor."

The *Pascual* case was considered in *Goldberger-Raabin, Inc.,* v. *74 Second Avenue Corporation* (252 N. Y. 336), under the discussion of the notice of lien in the *Pascual* case, and in discussing the case the court said: " There the notice of lien failed to state the value of the work performed or the amount due for such work. The figures given may have included work *yet to be performed.* ' The amount unpaid to the lienor for *such* labor is four thousand, eight hundred and ten dollars.' ' Such labor ' referred to the previous statements in the notice which included work performed and to be performed. We said that the part referring to the work to be performed could not be rejected ' if the notice fails elsewhere to state by implication, at least, the agreed price or value of ·the labor performed and materials furnished, exclusive of labor to be performed or materials to be furnished in the future.' " The lien here states the labor performed under the contract, which includes the plans and specifications, the materials furnished pursuant to written agreement made a part of the notice, and " includes all sums now owing the lienor under said agreement," and contains the amount claimed due for such labor rendered and materials furnished.

The contract between the parties and set forth and made a part of the notice of lien contains the clause: " All in accordance with plans and specifications prepared by George H. Fuller (contractor) November 25, 1930, and hereby agreed upon."

The owner was, therefore, cognizant of, and familiar with the plans and specifications, as was the lienor, and with that knowledge in his possession he was as fully informed as if the plans and specifications had been actually annexed to the notice of lien.

The purpose of the notice of lien is to inform·the owner of the labor performed and materials furnished and the amount claimed therefor. The owner had his contract; he had acknowledged his familiarity with the plans and specifications, having agreed to them, and with this information he could fully inform himself by investigation whether the labor and materials claimed for in the notice had been actually rendered and furnished, and that information is all that the statute seems to require to be furnished in the notice. (*Vogel* v. *Luitweiler,* 52 Hun, 184.)

It is difficult to see how the owner, who hired the claimant, having in his possession the contract and being familiar with the plans and specifications, can be misled or claim surprise because the nature and character of the labor rendered and material furnished was not more particularly set forth in the notice of lien. He had, however, contracted with the owner for the construction of four houses at the agreed price of $4,500 each, according to plans and specifications then agreed upon, and the notice alleges the amount

due from the owner for labor performed and materials furnished pursuant to the contract that it was the entire amount then due for building the houses as described in the contract.

As between the parties, the owner and the contractor, the notice in question, it seems to the court, was a substantial compliance with the Lien Law, and the owner cannot be heard to say that he was misled by the notice, to his injury.

When we remember that the Mechanics' Lien Law contemplates that the claimant may prepare his own papers (*Hurley* v. *Tucker*, 128 App. Div. 580), and that section 23 of the Lien Law provides: " This article is to be construed liberally to secure the beneficial interests and purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien and give jurisdiction to the courts to enforce the same," then it would seem that the notice in question was sufficient.

A long line of cases holds that the object and purpose of the Mechanics' Lien Law is for the protection of the contractor, laborer and materialmen who have contributed their labor and materials toward the construction of some improvement, and to give them an interest therein to the extent of the value of such labor and material. (*Kane Co.* v. *Kinney*, 174 N. Y. 69, 73; *Edison Elec. Illum. Co.* v. *Frick Co.*, 221 id. 1, 6, and cases cited therein.)

I am of the opinion that the notice of lien in this case is sufficient within the provisions of the Mechanics' Lien Law.

The other objections made to the legality of this notice of lien, in the opinion of the court, are without merit on this application, but possibly might be available under the provisions of section 39 of the Lien Law in an action to foreclose the lien.

Motion is, therefore, denied. Submit order accordingly.