THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CLAUDE L. MUNDERBACK, Defendant.

County Court, Oneida County, February 6, 1934.

*Earl C. Bastow, Assistant District Attorney,* for the plaintiff.

*A. S. Gambitta,* for the defendant.

HAZARD, J.   The demurrer herein is upon the following grounds: " *First.* That the Grand Jury had no legal authority to inquire into the crime charged in the indictment, and on the further ground that the crime charged was committed outside of the county of Oneida." It appears from the supporting affidavit and upon the argument that there are two reasons urged in support of the indictment, *first,* that there was prior to the date of the abandonment charged in the indictment a divorce between the parties; and, *second,* that inasmuch as neither the children nor the defendant's wife lived within the county of Oneida at the time alleged in the indictment, the crime was, therefore, not committed within Oneida county. Considering the latter proposition first, the affidavit contains the following on that subject: " Deponent further says that at the times mentioned in the indictment the said Marjorie F. Munderback and the children named in said indictment were not, to the knowledge of deponent, at any time named therein residents of Oneida county." I assume that all that might have been true, and still, if the children were at the time in the county of Oneida, no question might be raised, even assuming that their legal residence might have been elsewhere; but, waiving any such point,

we will enter into a discussion of the case, assuming that the wife and children involved not only lived outside, but were actually without the county of Oneida at the time of the abandonment alleged and charged in the indictment, viz., " During the month of August, 1932, and continuously thereafter." There appears so far no particular dispute about the facts with reference to this case; and it is my understanding that at the time mentioned the wife and children were outside of the county of Oneida; and also it is my understanding that the defendant was at that time within the county of Oneida. It appears that a decree of divorce was granted between the defendant and his wife, the complainant herein, in 1927, and that the decree gave the custody of the children in question to the plaintiff (the complainant here), and provided that the defendant in this case and the divorce case should pay a certain specified alimony. It seems that he did this for a while, and then the amount was modified and he paid the reduced amount for a time, and then, supposedly, at or about the time mentioned in the indictment he discontinued these payments. In the meantime the wife had removed to, and resided in Fulton county, and the children in question lived in Schenectady county, and the defendant in Oneida county. The contention of the demurrant is that if the children were not within the county of Oneida he could not have, and did not commit the crime herein. I do not believe that position is tenable. He himself was within the county, and the act of abandonment consisted of refraining from contributing to his children's support. That act (or omission) took place in Oneida county, as it seems to me. Had the idictment been found in the county where the children were, we may readily imagine that the defendant would come into court with another demurrer, saying that he could not have committed a crime in *that* county, because, forsooth, *he was in Oneida county at the time alleged.* I think the point is settled by the case of *People* v. *Lewis* (132 App. Div. 256), from which decision I quote (p. 259) the following: " If after having lawfully and for sufficient reasons left his family and furnished money and arranged for their care and protection, a father willfully and voluntarily discontinues all provisions for them and as a result his children are left in destitute circumstances the statute is then violated, although at the time of its violation the parent is actually separated from his children." I assume that, and think it is the purport of the decision in the *Lewis* case, above quoted, the act of discontinuing payments will constitute an " abandonment " in law.

The demurrant cites three cases which he claims hold differently, but I am unable to agree with that contention. The first is the

case of *Bayne* v. *People* (14 Hun, 181). In that case a wife had for six years lived in Halifax, N. S., and was there deserted by her husband who came to New York to live. After some years the wife followed the husband to Brooklyn, and there started a proceeding against him, to have him adjudged a disorderly person. That is a different proceeding from the one at bar, but perhaps the principle that we are considering, that is, of the *place where* the abandonment occurred, might be the same in both cases. The court decided (at p. 182): " The offense is complete when the abandonment takes place, and it is only one offense whether the separation be long or short." The court held that there had not been any abandonment at all, but, any way, whatever had occurred had occurred in Nova Scotia.

The next case cited is *People ex rel. Sagazei* v. *Sagazei* (27 Misc. 727). In that case the couple had separated in Brooklyn and the woman had gone to Germany and remained there for ten years, the husband continuing to reside in Brooklyn, where he evidently resided at the time the proceedings in question had been started in New York county. She had started proceedings in Brooklyn to have her husband adjudged a disorderly person, and while that was pending, for some reason or another, started another proceeding in New York county (the Greater New York Charter having in the meantime gone into effect). What the court held was that " It was manifestly impossible that the abandonment could have taken place in the said city and county, on the 15th day of May, 1891, when, according to her own testimony, she was at that time residing in Germany, and, therefore, could not have been abandoned in New York." It will be noted that the defendant himself had all this time, and for twenty-four years preceding the case been a *resident of Brooklyn.*

The third case cited by demurrant is *People* v. *Meyer* (12 Misc. 613), and contains some language which might seem to indicate that Judge GOFF, who wrote the opinion, might have thought as does the demurrant; but upon a close examination of the case it does not appear *where* the husband resided. It is to be observed in that connection and with reference to that case that that proceeding was different from the one at bar, and had a different object in view, viz.: It was brought by the poor authorities under section 900 of the Code of Criminal Procedure, the object being to prevent the children of the defendant from becoming a charge upon the public. Rather, supposedly, such an action *should* be brought where the children are. The question of where this criminal action may be brought is not without its difficulties, but upon the authority of the *Lewis* case, and my views, as stated above, I feel

compelled to hold that, in such circumstances as these, the defendant committed the crime *at the place where he was* at the time he ceased to make provision for his children, and thereby abandoned them.

I will take up now the question of the possible effect of the divorce decree between the defendant and his erstwhile wife, the mother of the abandoned children, and it seems to me that that question has been decided by what is quoted from the *Lewis* case above, that is, that even if the defendant had " lawfully and for sufficient reasons left his family," etc., he still abandons them when he stops supporting them. Again, there seems to be no dispute about the facts, and it appears that the defendant here was the defendant in the divorce case; that the wife was awarded the custody of the children, and the decree provided that he should pay alimony for the support of the wife and children. Of course, a different situation would arise had the custody of the children been awarded to the defendant, or, in particular, had the decree *not* directed him to pay alimony, but that is not the situation here. How can the defendant claim to be outside the provisions of section 480 of the Penal Law because the Supreme Court in the divorce decree, in a civil action, had ordained and directed that he must pay weekly for the support of the children? Any way, and at most, the divorce decree was in a civil action, and inasmuch as it did not exonerate the defendant from supporting his children, I do not see how it can be utilized as a defense here.

The demurrer must, therefore, be disallowed, with leave to defendant to plead further to the indictment.