## Fourth Department, March, 1935.

Lackawanna Steel Construction Corporation, Respondent, v. Adams Bros. Construction Corporation, Appellant, and The State of New York, Defendant.— Judgment modified on the law by reducing the amount of the lien to $15,186.43, with interest from September 15, 1933, amounting in all to $16,548.14, and as so modified affirmed, without costs. Finding of fact No. 30 and conclusions of law Nos. 7 and 8 modified. All concur, except Sears, P. J., and Taylor, J., who dissent and vote for reversal on the law, with costs, of that part of the judgments which holds the lien of plaintiff valid in any amount, on the authority of *Pascual* v. *Greenleaf Park Land Co., Inc.* (245 N. Y. 294) and *Finn* v. *Smith* (186 id. 465). (The judgment decrees plaintiff's lien valid against funds in hands of State Comptroller.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

Thomas Guglietta, Respondent, v. Walter Wojtczak and Another, Appellants.— Judgment and order affirmed, with costs. All concur. (The judgment is for damages for personal injuries in an automobile negligence action. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

In the Matter of the Probate of the Last Will and Testament of John E. Garland, Deceased.— Decree and orders affirmed, with costs to the respondent payable out of the estate. Memorandum: In affirming this decree, we do not put our stamp of approval upon the form of the question submitted to the jury, nor do we approve of the form of some of the questions propounded to certain expert witnesses. It does not appear, however, that such errors necessarily prejudiced the proponents. They can, therefore, be disregarded on this appeal, pursuant to the directions contained in section 294 of the Surrogate's Court Act. All concur. (The decree denies probate of a will. The orders deny motions for a new trial, and for counsel fees.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

Margaret Stover, Respondent, v. The Commercial Travelers Mutual Accident Association of America, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of the jury to the effect that death occurred as the direct and proximate result of, and was caused solely and exclusively by, external and violent injuries, is against the weight of the evidence. All concur, except Thompson and Crosby, JJ., who dissent and vote for affirmance. (The judgment awarded plaintiff the death benefit under an accident insurance certificate. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

In the Matter of the Proposed Construction of a Highway Running from the Grand Island Bridge Approach on Buffalo Avenue in the City of Niagara Falls, New York, to the Niagara Falls-Buffalo Boulevard in the City of Niagara Falls, New York.— Determination affirmed, with costs. All concur. (The determination concerns the construction of a grade crossing.) Present — Sears, P. J., Taylor, Thompson, Crosby and Lewis, JJ.