LEHIGH STRUCTURAL STEEL COMPANY, INC., Plaintiff, *v.* NYACK KENNEL CLUB and Others, Defendants, VERNON LUMBER CORPORATION, Respondent, and BIOPHILE CLUB COMPANY, INC., Appellant.

(Consolidated Appeals — Orders Nos. 1 and 2.)

Second Department, April 24, 1939.

*Francis D. Wells*, for the appellant.

*Max Ornstein*, for the respondent.

HAGARTY, J. An original and an amended notice of lien as filed by Vernon Lumber Corporation and served upon Biophile Club Company, Inc., in so far as material, reads as follows:

" (4) The labor performed was — none.

" The labor to be performed is — none.

" The material furnished (or actually manufactured for but not delivered to the real property) was — lumber.

" The material to be furnished is — lumber.

" The agreed price and value of said labor is — none.

" The agreed price and value of said material is — $22,775.39.

" (5) The amount unpaid to the lien [*sic*] for said labor performed is — none.

" The amount unpaid to the lien [*sic*] for such labor performed is — none.

" The amount unpaid to the lienor for said material furnished is — $14,023.58.

" The amount unpaid to the . lienor for such material to be furnished is — undetermined. It would depend upon the quantity of lumber necessary to complete the operation.

" The total amount claimed for which this lien is filed is — $14,023.58."

The appellant's contention is that the statement in these notices that " The agreed price and value of said material is $22,775.39 " must be read as combining the value of material furnished and that to be furnished. That statement must be considered, however, in the light of all the statements in the respective notices and, when so read, by implication at least, it relates solely to the value of material which was furnished.

Prior to the amendment of the Lien Law in 1916 (Laws of 1916, chap. 507, § 4), the law (§ 9, subd. 4) required that the value of materials to be furnished, as well as of those furnished, be stated

in a notice of lien. Hence, when a single amount was stated in a notice of lien it was necessary to hold that it included both items without showing the precise amount of either. Inasmuch as the amendment of 1916 restricted the requirement to a statement of materials furnished, the statement of a single amount should be regarded as that made in conformity with existing law, unless couched in language which shows otherwise. This distinction was relied upon in *Fyfe* v. *Sound Development Co.* (235 N. Y. 266, 270, 271) where CRANE, J., writes: "The law then required the notice of lien to state the labor performed, or to be performed, or materials furnished, or to be furnished, and the agreed price or value thereof. A lien which did not separate and value the labor performed from the labor unperformed, but gave a lump sum as the valuation of both was not a compliance with the law. This has nothing to do with the case here."

It is also stated therein (p. 270): "When we remember that the Mechanics' Lien Law contemplates that the claimant may prepare his own papers (*Hurley* v. *Tucker*, 128 App. Div. 580), and that section 23 of the law requires that the terms and provisions shall be construed liberally, and that a substantial compliance shall be sufficient for the validity of the lien, it seems to us that the notice of lien in this instance came within the law."

If there were not an implication to the contrary contained in the notices under review, it might be necessary to hold that because of the statements previously contained therein with respect to materials furnished and to be furnished, the word "said" in the above-quoted statement refers to both. (*Pascual* v. *Greenleaf Park Land Co.*, 245 N. Y. 294.) But in the *Pascual* case (*supra*), POUND, J., writing for the majority, said that statements relating to materials to be furnished "may not be so rejected if the notice fails elsewhere to state, by implication, at least, the agreed price or value of the labor performed and materials furnished, exclusive of labor to be performed or materials to be furnished in the future."

The notices of lien in the case at bar do show by implication that the amount in question was solely the value of materials furnished. They contain the further statement that "The amount unpaid to the lienor for such material to be furnished is undetermined. It would depend upon the quantity of lumber necessary to complete the operation." Thus, it fairly appears that the lienor made no attempt to set forth in dollars and cents the value of the material to be furnished or to incorporate such claim in his lien. Hence, it must follow that the stated sum represents material which was actually furnished. In *Goldberger-Raabin, Inc.*, v. *74 Second Ave. Corp.* (252 N. Y. 336, 344), CRANE, J., writing for

a unanimous court, likewise distinguished the *Pascual* case (*supra*) and declared that a statement in the notice of lien of " work to be performed may be disregarded." In accordance with the amendment of 1929 (Laws of 1929, chap. 515, § 2), the appellant, of course, is entitled to an itemized statement upon demand. (Lien Law, § 38.)

It is our opinion, also, that the complaint sufficiently alleges a cause of action.

The orders should be affirmed, with one bill of ten dollars costs and disbursements.

LAZANSKY, P. J., and ADEL, J., concur; JOHNSTON, J., dissents and votes to reverse the orders and grant the motions, with opinion; TAYLOR, J., concurs with JOHNSTON, J.

JOHNSTON, J. (dissenting). The statute requires that a notice of lien shall state " The * * * materials furnished and the agreed price or value thereof." (Lien Law, § 9, subd. 4.) It has been held that if the notice of lien does not explicitly or by plain inference state the agreed price or value of the material furnished it is invalid. (*Finn* v. *Smith*, 186 N. Y. 465; *Pascual* v. *Greenleaf Park Land Co.*, 245 id. 294.) Concededly the notices in the instant case do not explicitly state the agreed price or value of the material furnished at the time of the filing thereof. The liens state: " The amount unpaid to the lienor for said material furnished is $14,023.58," which is the amount for which the liens are filed, and the liens also state: " The amount unpaid to the lienor for such material to be furnished is undetermined." The statement (¶ 4) in the notices that " The agreed price and value of *said* material is $22,775.39 " refers to the material furnished and to be furnished mentioned in the same paragraph.

In my opinion, by combining the agreed price or value of the material furnished and to be furnished the lienor made it impossible to infer what is the agreed price or value of the material furnished. Nor does the statement that $14,023.58 is the amount unpaid for the material furnished permit the inference that that sum represents the agreed price or value of such material. The liens are defective and invalid. (*Pascual* v. *Greenleaf Park Land Co.*, 245 N. Y. 294; *Finn* v. *Smith*, 186 id. 465; *Brescia Constr. Co., Inc.*, v. *Walart Constr. Co., Inc.*, 249 App. Div. 151; affd., 273 N. Y. 648; *Preiser* v. *Schine*, 221 App. Div. 878; affd., 247 N. Y. 591; *Bachmann* v. *Spinghel*, 164 App. Div. 725.)

The orders should be reversed and the motions granted.

TAYLOR, J., concurs.

Orders affirmed, with one bill of ten dollars costs and disbursements.