## In re BRONITSKY.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

1. MECHANICS' LIENS (§ 160*)—CANCELLATION OF NOTICE—SUIT AGAINST CONTRACTOR.

Under Lien Law (Consol. Laws, c. 33) § 4, providing that the lien shall extend to the owner's interest in the realty and improvements existing at the time of filing the notice of lien, a notice of lien filed in conformity to the statute cannot be canceled on the ground that the contractor has prevailed in an ordinary action instituted at the same time that the lien was filed by the lienor, for the same services for which the lien was filed, when the owner was not a party to the action.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 279; Dec. Dig. § 160.*]

2. MECHANICS' LIENS (§ 160*)—CANCELLATION OF NOTICE—GROUNDS.

Where the lien law (Consol. Laws, c. 33) provides in section 19 how the lien shall be discharged, and in section 59 provides for notice to the lienor of proceedings to discharge, the statute being an affirmative one introductive of a new law, the lien cannot be discharged in any other way; and hence notice of lien cannot be canceled, the statute not being complied with, because the lienor brought an action against the contractor, in which the contractor prevailed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 279; Dec. Dig. § 160.*]

Appeal from Special Term, Kings County.

Application by Joseph Bronitsky to cancel a mechanic's lien filed by Harry Annish. From an order directing its discharge, Annish appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, THOMAS, RICH, and CARR, JJ.

Meyer Levy, for appellant.
Louis N. Jaffe, for respondent.

WOODWARD, J. Harry Annish, a laborer, under the provisions of the lien law, filed a notice of lien in the office of the clerk of Kings county on the 1st day of April, 1909, against one Rubin as owner and against Joseph Bronitsky as contractor, and affecting certain premises on Van Sicklen Place, borough of Brooklyn. Bronitsky, as contractor, instituted a proceeding for the cancellation of this notice by serving moving papers upon the lienor; the sole ground of such motion being that an ordinary action had been brought against him in the Municipal Court on the day that the lien was filed, and that such action had been determined in favor of Bronitsky, it being claimed that this action was for the identical services involved in the lien. On the motion com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing on for argument, the learned court at Special Term granted the same, and appeal comes to this court.

There is no question as to the regularity of the notice of lien. It seems to be assumed that the lienor had conformed to all of the conditions necessary to the fixing of his lien, and section 4 of the lien law (chapter 33 of the Consolidated Laws) provides that:

Such "lien shall extend to the owner's right, title or interest in the real property and improvements, existing at the time of filing the notice of lien."

There is no suggestion that Rubin, the owner of the premises, was party to the Municipal Court action, and he was not a party to the motion to cancel the notice of lien, and the mere fact that Annish failed to establish a claim against Bronitsky in an action in the Municipal Court does not necessarily show that he has not some rights under his lien as against the owner of the premises. But, aside from this, the statute, which creates the lien, provides how it may be discharged. By section 19 it is provided that:

A "lien other than a lien for labor performed or materials furnished for a public improvement specified in this article, may be discharged as follows: * * * (3) By order of the court vacating or canceling such lien of record, for neglect of the lienor to prosecute the same, granted pursuant to section 59 of this chapter."

Section 59 provides:

"Before such order shall be granted, a notice shall be served upon the lienor, either personally or by leaving it at his last known place of residence, with a person of suitable age, with directions to deliver it to the lienor. Such notice shall require the lienor to commence an action to enforce the lien, within a time specified in the notice, not less than thirty days from the time of service, or show cause at a Special Term of a court of record, * * * why the notice of lien filed should not be vacated and canceled of record. Proof of such service and that the lienor has not commenced the action to foreclose such lien, as directed in the notice, shall be made by affidavit, at the time of applying for such order."

It is not claimed that any action was taken in accord with the provisions above quoted. The motion was made and granted solely upon the ground that in an action in the Municipal Court, as is claimed for the same cause of action, the defendant had a judgment. But this is not a ground for canceling the notice of lien as provided by the statute, and when an affirmative statute, introductive of a new law, directs a thing to be done in a certain manner, that thing may not, even though there are no negative words, be done in any other manner. 26 Am. & Eng. Ency. of Law, 529, and authorities cited in note 11; Raleigh & Gaston Railroad Co. v. Reid, 13 Wall. 269, 20 L. Ed. 570; Dudley v. Mayhew, 3 N. Y. 9, 16, and authorities there cited. The lien law comes within the description. It provides a new right, and it prescribes the manner in which the right may be extinguished and the records cleared; and there is no other way in which this may be done, unless under circumstances which might induce a court of equity to exercise its peculiar powers.

The order appealed from should be reversed, with costs.

Order reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.