In the Matter of the Application of SAMUEL COHEN to Cancel and Discharge a Mechanic's Lien Filed by MAXIS ENGINEERING AND CONSTRUCTION Co., INC.

Supreme Court, Queens Special Term, February, 1924.

**Mechanics' liens — when notice of lien filed after discharge of previous notice will be canceled.**

A notice of mechanic's lien, filed for the same labor and materials by the same lienor as a previous notice discharged for failure to prosecute, will be discharged of record on motion of the owner of the property.

MOTION to cancel and discharge notice of mechanic's lien.

*Meier Steinbrink*, for motion.

*Philip Simon*, opposed.

VAN SICLEN, J. Motion by owner to have discharged of record a certain notice of mechanic's lien filed December 29, 1923, after a previous notice for the same labor and material had been filed by the same lienor and had been discharged for failure to prosecute. This motion is based on the theory that whatever rights to a lien the lienor had were lost by the failure to proceed to foreclose the notice of lien theretofore filed and discharged, and that no rights remained to the lienor or claimant other than the right to sue for the alleged money balance due for said labor and material. The motion raises a question which does not seem to have been passed upon by any court, so that an original construction of the sections of the Lien Law (Laws of 1909, chap. 38) is involved. An examination of said Lien Law and the authorities construing the same hold conclusively that there is no authority for filing a notice of lien other than as provided by said Lien Law, which furnishes a special protection and remedy *in rem*. In order for one to take advantage of the special privileges and benefits therein provided the statute must

be strictly followed. There seems to be no statutory authority for the filing of more than one notice of lien for the same labor and material, though it may be that there is a right to file a corrected or an amended notice and also notices for installments of amounts as they become due on a contract. Corrected or amended notices of lien, however, may be filed only while the first is in existence, and by liberal construction of the courts the lien and amended or corrected lien are read together. In the matter now before the court it must be conceded that when the second lien was filed the prior lien had ceased to exist, so that the present lien cannot in any manner be construed as a corrected or amended notice of lien. The Lien Law provides for the discharge of a lien by bonding the same, and the effect is equivalent so far as results are concerned to a discharge by order under section 59, as in this case; both free the property and in both cases the lien ceases. The statute nowhere provides for discharging a lien twice. The present lien must be considered as an original notice of lien, and as the statute fails to provide for the filing of such after an order has been made under section 59, it necessarily follows that the claimant finds himself in a position of having no statutory basis for what he has done, and his remedy against the property, therefore, has disappeared. Such seems to be the clear intent of the statute. Were it otherwise the claimant might within the four months' periods specified after a discharge by order of the first notice of lien filed, file several successive liens — another lien and again repeat the same after the second lien had been discharged by like order. The statute in nowise provides for such procedure, and this court will refuse to read into it a four months' endurance test. The claimant herein has had full opportunity to pursue a special and additional remedy which he has not taken advantage of and the statute fails to give him another chance. The owner's motion to cancel and discharge notice of lien is, therefore, granted, with ten dollars costs.

Ordered accordingly.