In the Matter of the Application of SAMUEL COHEN, Respondent, to Cancel and Discharge a Mechanic's Lien Filed by MAXIS ENGINEERING & CONSTRUCTION COMPANY, INC., Appellant. (Appeal No. 1.)

Second Department, May 8, 1924.

Liens — mechanic's lien — second lien may be filed though first lien discharged — court has no jurisdiction to discharge second lien on ground that first was discharged.

A mechanic's lien may be filed and will be legal if filed within the statutory time, though a lien previously filed against the same premises has been discharged for lack of prosecution.

The court had no jurisdiction to grant a motion to discharge a second mechanic's lien on the ground that the first lien had been discharged for lack of prosecution.

APPEAL by the lienor, Maxis Engineering & Construction Company, Inc., from an order of the Supreme Court, made at the

Queens Special Term and entered in the office of the clerk of the county of Queens on the 26th day of February, 1924, granting petitioner's motion to cancel and discharge a second notice of lien on the ground that it had no valid inception at law.

*William J. Carr* [*Robert P. Patterson* with him on the brief], for the appellant.

*Meier Steinbrink* [*Frank E. Johnson* with him on the brief], for the respondent.

JAYCOX, J.:

From an order canceling and discharging a mechanic's lien, the lienor appeals. The learned judge at Special Term wrote an opinion from which it appears that the basis of the motion and the decision was that the lienor had previously filed another lien which, prior to the filing of the second lien, had been discharged under section 59 of the Lien Law for lack of prosecution. (See 122 Misc. Rep. 451.)

The following facts are undisputed: A lien was filed; it was discharged as above stated and within the statutory period this new lien was filed, and these are all the facts necessary for our consideration upon this appeal.

I find nothing in the statute which denies to a mechanic the right to file a second lien when the first lien has been discharged. That the lienor has this right, I think, has already been decided. (*Clarke v. Heylman*, 80 App. Div. 577.) In that case it was said: " There is no provision of the Lien Law which prevents a person furnishing materials or labor in the erection of a building upon real property from filing more than one lien upon such property. * * * I know of no provision of the Lien Law which would prevent the person filing the last lien from enforcing it and abandoning the liens filed during the performance of the contract. There is nothing in the statute which provides that successive liens may not be filed for the same work or that a notice of lien filed upon the completion of the contract is void because other notices of liens have been filed for a portion of the work done under the contract." This case is cited with approval in *Berger Mfg. Co.* v. *City of New York* (206 N. Y. 24) upon the very point of the right to file a new lien " when the prior one has been lost by delay in its enforcement."

I think it is also equally clear that the court was without power to grant the motion. I find that this has also been decided, *first*, by this Appellate Division, and *second*, by Mr. Justice BENEDICT at Special Term. In the Appellate Division, speaking for the unanimous court, Mr. Justice WOODWARD said: " the motion was made and granted solely upon the ground that in an action in the Munic-

ipal Court, as is claimed for the same cause of action, the defendant had a judgment.   But this is not a ground for canceling the notice of lien as provided by the statute, and when an affirmative statute, introductive of a new law, directs a thing to be done in a certain manner, that thing may not, even though there are no negative words, be done in any other manner [citing authorities].   The Lien Law comes within the description; it provides a new right, and it prescribes the manner in which the right may be extinguished and the records cleared, and there is no other way in which this may be done unless under circumstances which might induce a court of equity to exercise its peculiar powers."   (*Matter of Bronitsky*, 136 App. Div. 672.   See, also, *Matter of Ruderman*, 179 N. Y. Supp. 452.)

The order should be reversed on the law, with costs, and the motion denied, with ten dollars costs.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Order reversed on the law, with costs, and motion denied, with ten dollars costs.