In the Matter of the Application of PALADINO ENGINEERING CO., INC., to Cancel and Discharge a Lien against Contract No. 9107 Filed by MAHONEY-CLARKE, INC., in the Office of the State Commissioner of Highways and the State Comptroller of the State of New York.

Supreme Court, Kings County, April 11, 1926.

**Liens — cancellation — Supreme Court without power to cancel lien against State highway contract filed pursuant to Lien Law, §§ 5 and 12 — Lien Law, § 21, outlines procedure by which lien may be discharged.**

A lien filed against a State highway contract pursuant to sections 5 and 12 of the Lien Law may not be canceled and discharged by a summary application to the Supreme Court.

**874** GLOBE & R. F. INS. CO. *v.* LESHER, WHITMAN & CO., INC.

City Court of New York, April, 1926. [Vol. 126

Section 21 of the Lien Law specifically outlines the procedure by which such a lien may be discharged and nowhere in said section is the Supreme Court given power to grant such an application:

MOTION for an order canceling and discharging a notice of lien filed in the office of the State Commissioner of Highways and the State Comptroller on the ground that the same is improperly filed and that the amount of the indebtedness claimed therein is not the subject of a valid lien.

*Arthur T. Stern,* for Paladino Engineering Co., Inc.

*Emil Weitzner,* for Mahoney-Clarke, Inc.

FABER, J. I am of the opinion that this court is without power to grant this motion. The lien is filed pursuant to sections 5 and 12 of the Lien Law (added by Laws of 1911, chap. 873, as amd. by Laws of 1916, chap. 507), and section 21 (added by Laws of 1911, chap. 873, as amd. by Laws of 1914, chap. 266, and Laws of 1916, chap. 507) specifically provides the methods by which such a lien may be discharged, and nowhere in that section is this court empowered to entertain a summary application for the discharge of a lien or to consider the validity of the claims embraced in such notice of lien. Questions similar to those presented here have already been passed upon adversely to the contentions of the moving party. (*Matter of Ruderman,* 179 N. Y. Supp. 452; *Matter of Cohen, No. 1,* 209 App. Div. 413; *Matter of Rudiger,* 118 id. 86.) Motion must be denied.