■ HUBERT BIGGS, Appellant, v. STATE OF NEW YORK, Respondent.— Judgment affirmed, without costs of this appeal to either party. All concur. (Appeal from a judgment of the Court of Claims dismissing a claim for damages for personal injuries alleged to have been sustained by reason of negligent condition of prison grounds.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ BENNY PRESNO, Appellant, v. RAYMOND W. GREENING, Defendant, and MARY HARZYNSKI et al., Respondents.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is inadequate. All concur. (Appeal from a judgment of Erie Trial Term for plaintiff in an automobile negligence action. The order denied plaintiff's motion for a new trial on the ground of inadequacy.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ In the Matter of CHRIS B. CHRISTENSEN et al., Doing Business as CHRISTENSEN & NIELSEN, Respondents, against GEORGE MARTAKIS, Appellant. — Order reversed, without costs, and application denied, without prejudice to the right of the respondents to raise the question of the timeliness of filing the second notice of lien upon the trial of any action brought to foreclose the lien. Memorandum: The subcontractor appellant had the right to file a second notice of lien after the first had been discharged for failure to commence an action within the appropriate time, providing that the second notice was filed within the time specified in section 12 of the Lien Law (Berger Mfg. Co. v. City of New York, 206 N. Y. 24; Matter of Cohen, 209 App. Div. 413). The only effect of the order of Justice McCLUSKY was to discharge the first lien. It had no application to the second notice of lien. The question of whether the second notice was timely served and filed cannot be determined upon the affidavits contained in the record before us but must be decided upon testimony. This determination is without prejudice to the right of respondent to raise the question of timeliness in the foreclosure action. All concur. (Appeal from an order of Oneida Special Term granting an application of petitioners to cancel of record a public improvement lien filed with the Rome City School District.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ DONNA K. MARTINO, an Infant, by GLADYS MARTINO, Her Guardian ad Litem, Appellant-Respondent, v. CITY OF JAMESTOWN, Respondent-Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the plaintiff to abide the event, unless the defendant shall, within 10 days, stipulate to increase the verdict to the sum of $10,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified is, together with the order, affirmed, without costs of these appeals to either party. Memorandum: Upon the proof in this case the verdict of the jury was inadequate. All concur. (Cross appeals from a judgment of Chautauqua Trial Term for plaintiff in an action for damages for personal injuries alleged to have been sustained by reason of dangerous condition of sliding area in recreation park. The order denied a motion for a new trial.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.

■ JOSEPH J. MARTINO, Appellant, v. CITY OF JAMESTOWN, Respondent. — Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of contributory negligence implicit in the jury's verdict was against the weight of evidence. All concur. (Appeal from a judgment of Chautauqua Trial Term for defendant for no cause of action in a negligence action. The order denied plaintiff's motion for a new trial.) Present — McCurn, P. J., Kimball, Bastow, Goldman and Halpern, JJ.