Louis I. Kaplan, J.
This is a motion by the defendant, a lessee of premises, for an order vacating a mechanic’s lien filed by the plaintiff against the leased premises. The motion is being made in an action brought by the plaintiff against the lessee only, to recover for work, labor and services and materials furnished to the lessee at her special instance and request and on an account stated. The owner of the premises is neither a party to the action pending in this court nor to this motion.
Defendant’s written lease, with the owner required her to make necessary repairs and also to keep the leased premises clear of mechanics’ liens at the risk of having the lease terminated by a hold-over proceeding. The owner has instituted such hold-over proceeding which is now pending, but is permitting the defendant to take the steps necessary to vacate the lien.
The repairs became necessary by reason of leaks which had developed in the roof of the leased premises. After the work was completed, the defendant claimed she was being “ outrageously overcharged ” while the plaintiff insisted on payment of its bill as submitted. At present there exists an impasse between the parties to the action in this court.
The Civil Court of the City of New York does not have general equity powers, and does not have jurisdiction over the nature of this motion (N. Y. Const., art. VI, § 15; CCA, art. 2).
In Matter of Bronitshy, (136 App. Div. 672) the court stated, in reversing an order of the Special Term of the Supreme Court, at page 673: 1 ‘ There is no suggestion that Rubin, the owner of the premises, was party to the Municipal Court action and he was not a party to the motion to cancel the notice of lien, and the mere fact that Annish failed to establish a claim against Bronitsky in an action in the Municipal Court does not necessarily show that he has not some rights under his lien as against *719 the owner of the premises. But aside from this the statute which creates the lien provides how it may be discharged ”.
In Matter of Cohen (No. 1), (209 App. Div. 413) the court stated at page 415The Lien Law comes within the description; it provides a new right, and it prescribes the manner in which the right may be extinguished and the records cleared, and there is no other way in which this may be done unless under circumstances which might induce a court of equity to exercise its peculiar powers. ’ (Matter of Bronitsky, 136 App. Div. 672; See, also, Matter of Ruderman, 179 N. Y. Supp. 452.) ” See, also, Matter of Blits Inc., v. Di Cesare S Monaco Bldg. Co. (36 Misc 2d 1028, 1030) where the court held: £i The courts have no inherent power to cancel or discharge mechanics’ liens on grounds other than those specified in the Lien Law
Accordingly, this motion is denied.
The foregoing determination is without prejudice to the defendant’s bringing any further proceeding which her attorney may advise her is necessary.