In the Matter of DI-COM CORPORATION, Respondent, *v.* ACTIVE FIRE SPRINKLER CORP., Appellant.

First Department, February 18, 1971.

*Leonard Shabasson* of counsel (*Max E. Greenberg, Trayman, Harris, Cantor, Reiss & Blasky,* attorneys), for appellant.

*Jerome Tarnoff* of counsel (*Sheldon & Tarnoff,* attorneys), for respondent.

STEUER, J.  The lienor, in this proceeding to discharge of record a notice of lien, is a corporation engaged in the business of installing sprinkler systems.  It was engaged, pursuant to contract with the petitioner general contractor, to install such a system in the premises located at 150 Riverside Drive, Manhattan, as a part of a general remodeling of the premises.  The lienor made necessary measurements and prepared detailed plans.  At this stage petitioner canceled the contract and the lien for the work done was filed.

It is elementary that a lien may be summarily discharged only for defects appearing on its face (Lien Law, § 19, subd. [6]; *Matter of Flushing Asphalt Corp. [Carberry],* 188 Misc. 304; *Matter of Harbour Green Estates* v. *North Shore Elec. Corp.,* 7 Misc 2d 541).  Petitioner's argument is that the preparation of plans is not lienable except by a licensed engineer or architect.  The basis for this contention is the provision (Lien Law, § 2, subd. 4) giving to an architect, engineer or surveyor the right to file a lien for plans, specifications or surveys on an improvement.  It is suggested that preparation of plans is otherwise not lienable and the right to lien is restricted to the specified professionals.  The argument overlooks certain factors.  True, it was at one time questionable whether the mere filing of plans was lienable, but it was the law long before the section relied upon was enacted that work done on plans filed in connection with other work on an improvement was lienable (see *Stryker* v. *Cassidy,* 76 N. Y. 50, 52).  If plans or surveys are made by a person not licensed to prepare them, they may not be compensable, but that does not affect the instant application.  It does not appear on the face of the lien who actually did the preparation, and it cannot be assumed that the plans were drawn by someone not qualified to do so.

The order entered November 6, 1970, should be reversed on the law, and the lien reinstated with costs to appellant.

MARKEWICH, J. P., NUNEZ and TILZER, JJ., concur.

Order, Supreme Court, New York County, entered on November 6, 1970, unanimously reversed, on the law, and the lien reinstated.  Appellant shall recover of respondent $30 costs and disbursements of this appeal.