OPINION OF THE COURT
Harold Tompkins, J.
Defendants move pursuant to CPLR 3211 (subd [a], par 7) and subdivision (6) of section 19 of the Lien Law to *663 dismiss plaintiffs’ complaint and discharge plaintiffs’ mechanic’s lien. Plaintiffs cross-move for an order declaring their lien effective and for summary judgment.
On or about June 27, 1980, the plaintiff Fassy and Simpson entered into an agreement whereby Fassy would provide architectural services to Simpson’s apartment. After resubmission of his plans, Fassy retained plaintiffs A.R.T., Ltd., and Marcel Berkowitz as cabinet work contractors. On September 16, 1981, Fassy sent Simpson a final statement for his services which reflected that a balance of $2,310 remained unpaid. On November 13, 1981, a mechanic’s lien was filed on behalf of Fassy and plaintiffs A.R.T., Ltd., and Berkowitz totaling $8,275.24, $5,965.64 of which constitutes the charges for the services of A.R.T., Ltd., and Berkowitz, the entire amount of which remains unpaid.
Plaintiffs served a notice of mechanic’s lien on October 29, 1981, in the amount of $8,275.64 and thereafter on February 5,1982, commenced an action to foreclose on said lien.
Defendants move for dismissal of the complaint on the ground that the notice of lien served and filed by plaintiffs does not satisfy the requirements of section 9 of the Lien Law, by failing to specify the amount claimed to be due and owing for materials as opposed to labor, by failing to set forth the amount due each lienor and by not separately stating what work and materials were furnished by each lienor. It is defendants’ position that these alleged defects are fatal to the notice of mechanic’s lien and, therefore, the lien should be vacated and discharged pursuant to subdivision (6) of section 19 of the Lien Law.
Although neither party raised the issue, the jurisdiction of this court to entertain the motion to discharge plaintiff’s lien warrants discussion.
Subdivision (6) of section 19 of the Lien Law provides: “where for any other reason the notice of lien is invalid by reason of failure to comply with the provisions of section nine of this article * * * the owner or any other party in interest, may apply to the supreme court of this state, or to any justice thereof, or to the county judge of the county in *664 which the notice of lien is filed, for an order summarily discharging of record the alleged lien.”
The New York City Civil Court does not have general equity powers (NY Const, art VI, § 15; CCA, art 2). The court only has those equity powers specifically granted to it in the CCA.
In this regard, subdivision (e) of section 203 of the CCA provides that the court has jurisdiction over “[an] action for the establishment, enforcement or foreclosure of a mechanic’s lien on real property where the lieh asserted does not, at the time the action is commenced, exceed $10,000.”
On the face of these two statutes, it appears that although a party can commence an action to foreclose on a mechanic’s lien, as the plaintiff herein has done, if the owner of the property against which the lien is asserted seeks to discharge it he must do so in Supreme Court.
A case in point is Geiger Roofing Co. v Thompson (54 Misc 2d 718). Plaintiff contractor brought an action against the lessee of the premises for work, labor, services and materials furnished to the defendant. The owner of the premises was not a party to the action. Defendant’s lease with the owner required her to keep the premises free of mechanics’ liens. If she failed to do so, her lease could be terminated by a holdover proceeding. Defendant moved for an order vacating the lien. The court held that it did not have jurisdiction over the nature of the motion, citing Matter of Cohen (209 App Div 413), wherein it was held that, “ The Lien Law * * * provides a new right, and it prescribes the manner in which the right may be extinguished * * * and there is no other way in which this may be done unless under circumstances which might induce a court of equity to exercise its peculiar powers.’ ” (209 App Div, at p 415.)
Geiger Roofing Co. v Thompson (supra) is distinguishable on two grounds. In the case at bar, the plaintiff lienor has commenced an action to foreclose on the lien at issue unlike Geiger where the action was for work, labor, services and materials. Secondly, the court is faced here with a motion by the owner of the co-operative apartment to discharge the lien not a lessee as in Geiger.
*665 Plaintiff has submitted himself to the jurisdiction of the Civil Court by reason of the commencement of a foreclosure action. It would be illogical for a party faced with a foreclosure action to be barred from raising the issue of the defects in the notice of lien and be forced to bring on a separate proceeding in Supreme Court to discharge the very same lien that is the subject of the foreclosure action.
Section 905 of the CCA provides: “The court may consider any defense to a cause of action or claim asserted by any party, whether such defense be denominated or deemed legal or equitable in nature.”
The alleged defects in the notice of lien under section 9 of the Lien Law constitute an equitable defense in an action to foreclose on a mechanic’s lien and the owner of the premises may move in such an action to discharge the lien under subdivision (6) of section 19 of the Lien Law. Therefore, the motion to discharge the lien under subdivision (6) of section 19 for the alleged failure of the notice of lien to comply with section 9 of the Lien Law is properly before this court.
Section 9 of the Lien Law contains the requirements of a notice of mechanic’s lien. The law provides that the notice must contain:
“4. The labor performed or materials furnished and the agreed price or value thereof * * *
“5. The amount unpaid to the lienor for such labor or materials”.
Upon a failure of the notice to contain the requirements of section 9, subdivision (6) of section 19 provides that the owner or any other party in interest can apply to the court for an order summarily discharging the lien.
Defendants rely on Pascual v Greenleaf Park Land Co. (245 NY 294), which held that a notice of mechanic’s lien that did not include the agreed price or value of the labor performed and the materials furnished is defective. The court stated that “a notice of lien must be sufficient in essentials in and of itself”. The court added: “The actual interest of the claimant must be spelled out therefrom and will be whenever possible” (245 NY, at p 298). “Substantial *666 compliance” with section 9 is required. (245 NY, at p 299.) The court discharged the lien.
Plaintiffs, in opposition to the defendants’ motion and in support of their cross motion argue that Pascual v Greenleaf Park Land Co. (supra) predated the enactment of section 38 of the Lien Law which, defendants speculate was enacted to avoid the harsh result of Pascual (supra). Section 38 provides in pertinent part: “A lienor who has filed a notice of lien shall, on demand in writing, deliver to the owner or contractor making such demand a statement in writing which shall set forth the items of labor and/or material and the value thereof which make up the amount for which he claims a lien, and which shall also set forth the terms of the contract under which such items were furnished.”
Defendants counter this argument by asserting that if section 38 did in effect overrule Pascual, then it also must have repealed subdivision (6) of section 19, which provides for discharge of a lien if it fails to comply with section 9. The theory behind this argument is that if, by failing to make use of the section 38 demand for an itemized statement, a party waives its right to object to the sufficiency of the notice and a motion under subdivision (6) of section 19 to discharge the lien would be to no avail.
Here, plaintiffs substantially complied with section 9 of the Lien Law by setting forth the labor performed, materials furnished, the total agreed price of the labor and materials actually furnished and the total amount unpaid to the lienors for such labor and materials. If defendants required a more definite statement as to exactly how much was owed to each of the three lienors, how much is. owed for labor and the amount owed for materials and a statement as to what labor and materials was performed or furnished by each individual, it could have availed itself of the section 38 demand for an itemized statement. Not having served the demand, defendants may not now seek to discharge plaintiffs’ lien for their failure to include the very information available by way of the section 38 demand.
Defendants argument that to construe section 38 in such a manner would in effect attribute to the Legislature an intention to repeal subdivision (6) of section 19 is *667 without merit. Section 38 provides an owner with a method of obtaining information in addition to that which is required by section 9. Here, plaintiffs have substantially complied with section 9 and defendants, if they require a more definite statement with regard to the extent of the lien or its basis, have the right to serve a demand for an itemized statement. Subdivision (6) of section 19 provides for a discharge of a lien where section 9 has not been substantially complied with. Here, plaintiffs have shown substantial compliance.
Based upon the foregoing, defendants’ motion to discharge plaintiffs’ mechanic’s lien is denied.
Plaintiffs’ cross motion for summary judgment seeks a personal judgment against defendants in the amount of $9,175.64. In opposition, defendants have raised sufficient factual issues which warrant a trial. Defendant Simpson stated in his affidavit that the work performed by plaintiffs was not done in a workmanlike manner and, furthermore, that approximately $5,000 has been expended for additional construction to correct the errors made by plaintiffs. These issues can only be resolved upon the trial of the foreclosure action.
Accordingly, summary judgment is denied.