OPINION OF THE COURT
Charles J. Markey, J.
The issue of first impression raised by this case is whether the Civil Court of the City of New York has jurisdiction to discharge an ancient mortgage, notwithstanding the plain language of a statute ostensibly conferring such jurisdiction exclusively in the Supreme and County Courts.
*771 Petitioner Marie Risicato, also known as Marie Risicato Conte, seeks to discharge an ancient mortgage in the sum of $6,619.20. Specifically, in 1961, mortgagors Paul R. Risicato and Prudence A. Risicato had a mortgage that was a lien on a parcel of real property, designated as 249-29 91st Avenue, block 7991, lot 16, in Bellerose, located in Queens County, New York. The mortgage was dated August 10, 1961, and the mortgagee was Lumberyard Supply Corp. (Lumberyard). Lumberyard assigned the mortgage to Hamla Corp., in a document dated August 11, 1961. Both the original mortgage and the assignment were recorded on August 15, 1961.
Paul and Prudence Risicato, husband and wife, owned the property as tenants by the entirety. Prudence Risicato then predeceased her husband. By deed dated July 1, 1985, and recorded on July 3, 1985, Paul Risicato transferred the title to the aforementioned property to petitioner Marie Risicato, his daughter.
On or about March 14, 2002, Marie Risicato sold the property, transferring title to Nili Moza and her son Meir Moza. From the sale’s proceeds owing to petitioner Risicato, the title company is holding the sum of $12,000 in escrow, pending petitioner’s attempts to discharge an ancient mortgage.
The investigation conducted by Bernadette M. Crowley, Esq., of Rossi & Crowley, LLP, petitioner’s counsel, discloses that the Department of State for the State of New York, as confirmed by its letter of May 8, 2002, dissolved Lumberyard by proclamation on December 16, 1968. Moreover, by letter dated May 6, 2002, the Office of the Secretary of State for the State of New York revealed that it has no record of a company named “Hamla Corp.”
In light of the foregoing facts, petitioner’s only recourse, in order to recover the $12,000 held in escrow, was to commence a proceeding, pursuant to Real Property Actions and Proceedings Law § 1931, to discharge an ancient mortgage. RPAPL 1931 (3) specifically states: “Such petition may be presented to the supreme court in the county in which the mortgaged premises are situated, or to the county court of such county” (see generally, the excellent discussion by John J. Meehan, emeritus professor of law at Brooklyn Law School, Practice Commentaries, McKinney’s Cons Laws of NY, Book 49x/2, RPAPL 1931, 2003 Pocket Part, at 197).
Presumably because the mortgage was under $25,000, petitioner filed this proceeding in the Civil Court of the City of New York, Queens County. She has also, after obtaining a *772 court order from another judge, published an order to show cause in two newspapers in each of four successive weeks and has filed proof of such publication.
Section 203 (b) of the New York City Civil Court Act states that such court shall have jurisdiction “for the foreclosure, redemption or satisfaction of a mortgage on real property” where the property is situated in the county in which the proceeding is brought and the mortgage lien does not exceed $25,000.
Section 212 of the New York City Civil Court Act also provides: “In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings.”
The next question is, in light of the reference in section 203 to a “satisfaction of a mortgage,” whether that term also embraces the discharge of a mortgage. A perusal of the terms “discharge” and “satisfaction of mortgage” readily reveals that the two phrases are interchangeable. According to Black’s Law Dictionary, the word “discharge” means “[t]he payment of a debt or satisfaction of some other obligation” (Black’s Law Dictionary 475 [7th ed 1999]). According to the same authority, the phrase “satisfaction of mortgage” is defined as either “[t]he complete payment of a mortgage” or “[a] discharge signed by the mortgagee or mortgage holder indicating that the property subject to the mortgage is released or that the mortgage debt has been paid and the mortgage conditions have been fully satisfied” (id. at 1343). Black’s Law Dictionary continues to define “satisfaction piece” as “[a] written statement that one party (esp. A debtor) has discharged its obligation to another party, who accepts the discharge. — Also termed certificate of discharge-, satisfaction” (id. at 1344 [emphasis in original]).
Indeed, the Court of Appeals, in Bacon v Schoonhoven (87 NY 446, 450 [1882]), equated the discharge of a mortgage with its satisfaction (accord, 78 NY Jur 2d, Mortgages and Deeds of Trust §§ 359-368 [1989] [discussing discharges of mortgages and referring synonymously “that the mortgage has been paid or otherwise satisfied and discharged” (id. § 360, at 208)]).
The court thus concludes and holds that the Civil Court of the City of New York has jurisdiction to discharge an ancient mortgage in an amount not exceeding $25,000, such amount being the jurisdictional limit of this court.
Accordingly, the court hereby grants the petition in its entirety. Hamla Corp. is, by operation of law, presumed paid in *773 full (see, RPAPL 1931 [1]), and the instant mortgage belonging to Hamla Corp. on the property designated as 249-29 91st Avenue, block 7991, lot 16, on the land map of the County of Queens in the State of New York, is hereby deemed satisfied and discharged.