OPINION OF THE COURT
Anil C. Singh, J.
Defendant moves for a judgment summarily dismissing plaintiffs notice of mechanic’s lien, contending that the lien was not timely filed in accordance with section 10 of the Lien Law. Plaintiff opposes.
Defendant Bernard Gould entered into a contract with plaintiff HamiltonAir Company, Inc., in August 2005. The agreement provided that plaintiff would furnish and install air-conditioning units in defendant’s cooperative apartment at 16 Sutton Place in Manhattan. The parties agreed on a contract price of $20,785, which included an $8,000 down payment. Plaintiff delivered and installed the air-conditioning equipment in September 2005.
Soon thereafter, defendant began to experience moisture accumulation problems on four units. Plaintiff attempted to solve the problem without success in September, October and November 2005. The defendant — who still had a balance of $12,785 — retained an attorney in November 2005, who in turn held the balance in escrow pending the resolution of the problem. Plaintiff returned to defendant’s apartment to attempt repairs again in July, August and September 2006.
On January 12, 2007, plaintiff filed a notice of mechanic’s lien against defendant’s cooperative apartment in the amount of $15,022.38 (notice of motion, exhibit B). The notice states that the last item of work was performed — and the last item of material was furnished — on September 22, 2006. Plaintiff commenced the instant action for breach of contract and unjust enrichment on February 16, 2007. Issue was joined with service of defendant’s answer on March 7, 2007.
Defendant contends that a notice of lien must be filed within four months after the date of the last work performed or material furnished pursuant to Lien Law § 10 (1). According to defendant, installation of the air-conditioning units was completed in September 2005. Plaintiffs bill for services rendered provides that the invoice date was September 20, 2005, and that the bill’s due date was October 20, 2005. Defendant contends fur *224 ther that plaintiff did not issue any other statements for services rendered after September 20, 2005. Therefore, plaintiff was required to file the notice of mechanic’s lien no later than January 2006. Since plaintiff filed the notice one year after it was due to be filed, defendant contends that the lien is untimely and, thus, invalid on its face.
In response, plaintiff contends that defendant’s motion to discharge the lien should be denied for two reasons. First, plaintiff contends that, under Lien Law § 19 (6), the Civil Court of New York City does not have subject matter jurisdiction over the instant application. Rather, a motion of this nature must be brought in Supreme Court. Second, plaintiff contends that defendant may not submit evidence to contest the facial validity of the notice of mechanic’s lien. According to plaintiff, an evidentiary challenge to a lien’s validity, such as the one brought by defendant, must be raised during a foreclosure proceeding.
Section 19 (6) of the Lien Law states in pertinent part as follows:
“Where it appears from the face of the notice of lien that the claimant has no valid lien . . . the owner or any other party in interest, may apply to the supreme court of this state, or to any justice thereof, or to the county judge of the county in which the notice of lien is filed, for an order summarily discharging of record the alleged lien.”
The New York City Civil Court Act enumerates the various actions involving real property over which the court has jurisdiction (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, NY City Civ Ct Act § 203, at 62). The Civil Court of New York City has jurisdiction of an action for the establishment, enforcement, or foreclosure of a mechanic’s lien on real property where the lien asserted does not, at the time the action is commenced, exceed $25,000, provided that the real property involved or part of it is situated within the county in the City of New York in which the action is brought (NY Const, art VI, § 15; NY City Civ Ct Act § 203 [e]).
The question presented is whether Lien Law § 19 (6) preempts this court from having jurisdiction over defendant’s motion to summarily discharge the mechanic’s lien, notwithstanding the language in CCA 203 (e) ostensibly conferring jurisdiction on the court over actions to establish, enforce or foreclose such liens.
*225 Plaintiff relies primarily on the “plain text” in section 19 (6) of the Lien Law, which states that a property owner may apply to the Supreme Court, any justice thereof, or to a county judge for an order summarily discharging a notice of mechanic’s lien. In addition, plaintiff cites Matter of Lowe (4 AD3d 476 [2d Dept 2004]) in support of its contention that Civil Court lacks jurisdiction over an application to summarily discharge a mechanic’s lien. However, Lowe is clearly distinguishable from the instant matter in that the petition to discharge the lien was filed in Supreme Court, not in Civil Court.
In Geiger Roofing Co. v Thompson (54 Misc 2d 718 [Civ Ct, NY County 1967]), this court held that the Civil Court of New York City lacked jurisdiction over a motion to vacate a mechanic’s lien because Civil Court does not have general equity powers. However, we decline to follow Geiger because the reasoning of A.R.T. Ltd. v Simpson (114 Misc 2d 662 [Civ Ct, NY County 1982]) is more persuasive.
In A.R.T. Ltd., an architect and cabinet work contractors filed a mechanic’s lien and commenced an action to foreclose on the lien. The defendant/apartment owner moved to dismiss the complaint, contending that there were fatal defects in the notice of lien and, therefore, the lien should be vacated and discharged pursuant to section 19 (6) of the Lien Law. The court held that the motion to discharge the lien was properly before New York County Civil Court despite the jurisdictional limitations imposed by the Civil Court Act. The court wrote:
“Plaintiff has submitted himself to the jurisdiction of the Civil Court by reason of the commencement of a foreclosure action. It would be illogical for a party faced with a foreclosure action to be barred from raising the issue of the defects in the notice of lien and be forced to bring on a separate proceeding in Supreme Court to discharge the very same lien that is the subject of the foreclosure action.
“Section 905 of the CCA provides: ‘The court may consider any defense to a cause of action or claim asserted by any party, whether such defense be denominated or deemed legal or equitable in nature.’
“The alleged defects in the notice of lien under section 9 of the Lien Law constitute an equitable defense in an action to foreclose on a mechanic’s lien and the owner of the premises may move in such an action to discharge the lien under subdivision (6) section 19 of the Lien Law. Therefore, the *226 motion to discharge the lien under subdivision (6) section 19 for the alleged failure of the notice of lien to comply with section 9 of the Lien Law is properly before this court.” (114 Misc 2d at 665.)
To the extent that plaintiffs’ cause of action in A.R.T. Ltd. was to foreclose on a mechanic’s lien, it is distinguishable from the instant action. On the other hand, the present action is clearly analogous in that the plaintiff has submitted itself to the jurisdiction of the Civil Court. Under such circumstances, we agree with the reasoning set forth in A.R.T. Ltd., that it would be illogical to require defendant to bring a separate proceeding in Supreme Court seeking to summarily discharge the mechanic’s lien.
Although cited by neither side, the case of Risicato v Lumberyard Supply Corp. (194 Misc 2d 770 [Civ Ct, Queens County 2003]) is instructive. In Risicato, the Civil Court addressed an issue of first impression — that is, whether Civil Court has jurisdiction to discharge an ancient mortgage, notwithstanding the plain language of a statute ostensibly conferring such jurisdiction exclusively in the Supreme and County Courts. The petitioner commenced a proceeding, pursuant to RPAPL 1931 (3), which provides: “Such petition [to discharge an ancient mortgage] may be presented to the supreme court in the county in which the mortgaged premises are situated, or to the county court of such county” (194 Misc 2d at 771). The petitioner filed the proceeding in the Civil Court of New York City, Queens County. Despite the language in RPAPL 1931, the court found that it had jurisdiction pursuant to section 203 (b) of the New York City Civil Court Act, which states that such court shall have jurisdiction “for the foreclosure, redemption or satisfaction of a mortgage on real property” where the property is situated in the county in which the proceeding is brought and the mortgage lien does not exceed $25,000. In determining that Civil Court had jurisdiction to discharge the mortgage, the court also relied on section 212 of the New York City Civil Court Act, which provides: “In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings” (194 Misc 2d at 772).
The language of the statutory provisions in the instant matter tracks the statutory language in Risicato. Thus, for similar reasons, we find that Lien Law § 19 (6) is not preemptive and that CCA 203 (e) is an independent source of jurisdiction to entertain defendant’s application to summarily discharge the mechanic’s lien.
*227 Having determined that this court has jurisdiction, we turn next to the issue of whether the court may consider defendant’s evidence to contest the validity of the notice of mechanic’s lien.
It is fundamental that a mechanic’s lien may be summarily discharged only for defects appearing on its face (Matter of Di-Com Corp. v Active Fire Sprinkler Corp., 36 AD2d 20, 21 [1st Dept 1971]). Here, the notice of lien recited, among other things, the defendant’s nonpayment, and set forth dates indicating that the lien was filed within four months after plaintiffs last work on the job. On its face, the notice of lien states that “the last item of work ... for which payment was sought [was performed] on September 22, 2006.” The notice was filed on January 12, 2007. This is a facially valid lien (see Matter of Lowe, supra). Because there is no defect upon the face of the notice of lien, any dispute regarding the validity of the lien must await trial thereof by foreclosure (id.).
For the above reasons, defendant’s motion to summarily discharge the lien is hereby denied.