■ LV Construction Services LLC, Appellant, v Manhattan Professional Group, Inc., Doing Business as The Tax Club, et al., Defendants, and Empire State Land Associates LLC et al., Respondents. In the Matter of Empire State Land Associates, LLC, Respondent, v LV Construction Services LLC, Appellant. [53 NYS3d 275]—

Order, Supreme Court, New York County (Ellen M. Coin, J.),

entered on or about April 3, 2015, which (1) cancelled and discharged the lien filed by LV Construction Services LLC (LV) against the 60th floor of 350 Fifth Avenue in the sum of $275,000, (2) cancelled the undertaking filed by defendant Berkley Regional Insurance Company (Berkley) to discharge the mechanic's lien, (3) granted defendants Empire State Land Associates LLC and Berkley's motion for summary judgment dismissing LV's complaint, and (4) denied as moot LV's motion for a default judgment against defendants the Tax Club, Inc. and Manhattan Professional Group; and order, same court (Joan M. Kenney, J.), entered on or about June 10, 2015, which cancelled and discharged the mechanic's lien and discharge bond, based on LV's failure to provide a proper accounting for the services and materials supporting the lien, unanimously affirmed, without costs.

The liens that LV attempted to place on the 60th floor of the Empire State Building were properly vacated and cancelled. In the first action, the IAS court correctly determined that LV had failed to properly serve the notice of lien on all of the appropriate interested entities, warranting vacatur of the lien (Lien Law § 11; *146 W. 45th St. Corp. v McNally*, 188 AD2d 410, 410-411 [1st Dept 1992]; *Matter of Hui's Realty v Transcontinental Constr. Servs.*, 168 AD2d 302, 302-303 [1st Dept 1990], *lv denied* 77 NY2d 810 [1991]). In the second action, which proceeded during the pendency of the first action's appeal, prior to this Court's consolidation of the appeals, the IAS court correctly, again, cancelled and discharged the lien based on LV's repeated failures to properly itemize the charges forming the basis for the lien (Lien Law § 38; *Matter of DePalo v McNamara*, 139 AD2d 646 [2d Dept 1988]).

We have considered the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.