Matter of Broadway PT 1710 LLC v Kingdom Assoc., Inc.
2026 NY Slip Op 03624
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Broadway PT 1710 LLC, Petitioner-Respondent,
v
Kingdom Associates, Inc., Respondent-Appellant.

Decided and Entered: June 09, 2026
Index No. 159783/24|Appeal No. 6842|Case No. 2025-02283|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Forchelli Deegan Terrana LLP, Uniondale (Parshhueram T. Misir of counsel), for appellant.
Wrobel Markham LLP, New York (David C. Wrobel of counsel), for respondent.

[*1]
Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered April 9, 2025, which granted the petition for summary discharge of a mechanic's lien and denied respondent's cross-motion to dismiss, unanimously reversed, on the law and in the exercise of discretion, without costs, the petition denied, the cross-motion granted, and this proceeding, brought pursuant to Lien Law §§ 19(6) and 38, dismissed.
The court should not have granted the petition for summary discharge of the mechanic's lien that respondent placed on petitioner's property. As relevant here, summary discharge of a lien is available "[w]here it appears from the face of the notice of lien that the claimant has no valid lien by reason of the character of the labor or materials furnished and for which a lien is claimed" (Lien Law § 19[6]). "[A] lien may be summarily discharged only for defects appearing on its face" (Matter of Di-Com Corp. v Active Fire Sprinkler Corp., 36 AD2d 20, 21 [1st Dept 1971]), and "any dispute regarding the validity of the lien must await trial of the foreclosure action" (Care Sys. v Laramee, 155 AD2d 770, 771 [3d Dept 1989]; see also Matter of Northside Tower Realty, LLC v Klin Constr. Group, Inc., 73 AD3d 1072, 1072 [2d Dept 2010] ["A court has no inherent power to vacate or discharge a notice of lien except as authorized by Lien Law § 19(6)"]).
Petitioner identifies no defect appearing on the face of the notice of lien, raising instead lack of consent and other issues related to the validity of the lien. Those issues cannot be resolved under Lien Law § 19(6) (see Pontos Renovation v Kitano Arms Corp., 204 AD2d 87, 87 [1st Dept 1994]; see also Slazer Enters. Owner, LLC v Gotham Greenwich Constr. Co., LLC, 50 AD3d 341, 341 [1st Dept 2008]; Aaron v Great Bay Contr., 290 AD2d 326, 326 [1st Dept 2002]). Lien Law § 38 does not provide alternative grounds to affirm the lien discharge, as no court has issued an order requiring respondent to provide an itemized statement (cf. LV Constr. Servs. LLC v Manhattan Professional Group, Inc., 149 AD3d 640, 641 [1st Dept 2017]; J. Sackaris & Sons, Inc. v Terra Firma Constr. Mgt. & Gen. Contr., LLC, 14 AD3d 538, 541 [2d Dept 2005], lv denied 4 NY3d 878 [2005]).
As to respondent's cross-motion to dismiss pursuant to CPLR 3211(a)(4), we reverse in the exercise of our own discretion (see SafeCard Servs. v American Express Travel Related Servs. Co., 203 AD2d 65, 65-66 [1st Dept 1994]). Respondent commenced a lien foreclosure action against petitioner before petitioner brought this summary discharge proceeding. Petitioner raised the same objections in both
proceedings, and petitioner has counterclaimed in the foreclosure action to void the lien, among other things (see Matter of 29-32 LLC v Neptune Contr. & Envtl., Inc., 72 AD3d 1106, 1106 [2d Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026